KELLY, Judge.
The appellants, Vencap, Inc., Ralph Williams, and Ventura Capital Holdings, challenge the trial court’s nonfinal order denying their motion to dismiss for lack of personal jurisdiction. Because the record fails to show a basis for long-arm jurisdiction, we reverse.
The appellee, McDonald Security Corporation, is a Minnesota corporation with its headquarters in Wyoming. McDonald sued the appellants alleging, among other things, that the appellants had breached contracts to sell McDonald 400,000 shares of stock in a California corporation. None of the appellants are Florida residents. Nevertheless, McDonald alleged that the appellants had submitted themselves to jurisdiction in Florida because they had breached the contracts by failing to perform acts required by the contracts to be performed in Florida. The alleged breaches occurred when the appellants failed to register the stock before mailing the certificates to McDonald’s president at his winter home in Florida.
In determining whether long-arm jurisdiction exists, a court must first consider whether the complaint alleges a basis for jurisdiction under Florida’s long-arm statute, section 48.193, Florida Statutes (2001). Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). McDonald alleged that Florida had jurisdiction pursuant to section 48.193(l)(g), Florida Statutes (2001). Section 48.193(l)(g) provides that any person who breaches a contract in this state by failing to perform acts required by the contract to be performed in this state subjects themself to the jurisdiction of Florida’s courts. We agree with the appellants that McDonald’s complaint did not sufficiently allege jurisdiction because the contracts, copies of which were attached to the complaint, did not require them to perform any act in this state. *1063 Accordingly, the trial court should have granted the appellants’ motion to dismiss.
Even if we were to agree with McDonald’s interpretation of the contracts, we would still conclude that the complaint should have been dismissed. A defendant wishing to contest jurisdiction may file an affidavit challenging the jurisdictional allegations in the complaint or raising the issue of lack of minimum contacts. Id. The appellants filed an affidavit that was legally sufficient to contest the jurisdictional allegations in McDonald’s complaint. The burden then shifted to McDonald to prove by affidavit the basis for long-arm jurisdiction. Id. McDonald, however, failed to provide an affidavit. See Tobacco Merchants Ass’n of U.S. v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995) (holding that where a defendant contests jurisdiction with a legally sufficient affidavit and the plaintiff fails to provide sworn proof as to the basis of jurisdiction, the trial court must grant the defendant’s motion to dismiss).
Reversed.
NORTHCUTT and COVINGTON, JJ., concur.