868 So.2d 699 (2004)
Reese W. WAUGH and George J. Othon, Appellants,
v.
Ralph J. PHILPOT, Dana L. Wever, and Fred T. Gritzenbach, individually and on behalf of others similarly situated, Appellees.
No. 2D03-5102.
District Court of Appeal of Florida, Second District.
April 2, 2004.
Stephen A. Koch and Dale R. Sisco of Koch & Associates, P.A., Tampa, and David L. Hartsell and Tammy L. Adkins of McGuirewoods LLP, Chicago, and Jeffrey S. York of McGuirewoods LLP, Jacksonville, for Appellants.
Jonathan L. Alpert of The Alpert Law Firm, Tampa, and Jennifer Beltz-McCamey of Beltz, Ruth, Magazine, Newman & Kohl, P.A., St. Petersburg, for Appellees.
WHATLEY, Judge.
We reverse the nonfinal order denying the Appellants' motion to dismiss for lack of personal jurisdiction because our de novo review[1] of the record reveals that it *700 fails to show a basis for the trial court's exercise of long-arm jurisdiction over the Appellants, Reese Waugh and George Othon.
The Appellees, Ralph J. Philpot, Dana L. Wever, and Fred T. Gritzenbach, are individual debtors whose past-due debts were purchased by Capital Acquisitions and Management Company, Inc. (CAMCO), an Illinois corporation engaged in the business of acquiring distressed, nonperforming consumer receivables and seeking to recover or collect on those receivables for its own behalf. In December 2002, the Appellees filed an amended class action complaint against CAMCO alleging that its collection efforts violated the Florida Deceptive and Unfair Trade Practices Act, sections 501.201-.213, Florida Statutes (2002) (FDUTPA), as well as the Florida Commercial Collection Practices Act, sections 559.541-.548, Florida Statutes (2002) (FCCPA). The Appellees also alleged two counts for civil conspiracy against XYZ Venture Partners, LLC, the majority shareholder of CAMCO, and XYZ Venture's three members/managers, Eric Woldoff, Reese Waugh, and George Othon, who are also officers and/or employees of CAMCO. The Appellees alleged that Woldoff, Waugh, Othon, and XYZ were involved in a conspiracy with CAMCO to violate the FDUTPA and the FCCPA. More specifically, the Appellees alleged that Woldoff, Waugh, and Othon met to discuss CAMCO's collection business and activities in Florida; they either individually or through XYZ Venture directed CAMCO to engage in collection efforts in Florida; they and XYZ Venture met and agreed to collect debts barred by the Florida statute of limitations; and they either individually or through XYZ Venture directed CAMCO's efforts to collect said barred Florida debts. All of these allegations were made "on information and belief."
In response, Woldoff, Waugh, Othon, XYZ, and CAMCO filed a motion to dismiss which alleged, inter alia, that the trial court lacked personal jurisdiction over the Appellants, Waugh and Othon. Attached to the motion were the affidavits of Waugh, the executive vice president and chief operating officer of CAMCO, and Othon, the chairman of CAMCO, in which the Appellants asserted that they were residents of Illinois and had never resided in Florida; they have no personal involvement in the collection of accounts, including those of the Appellees; CAMCO's principal place of business is in Illinois, but it registered with the State of Florida as a consumer collection agency in 2003; and in February 2002 they became members of XYZ, which owns 78% of CAMCO and was originally formed as a Florida limited liability company but changed its registration to the State of Delaware in December 2002. The Appellants further asserted that other than the previously described involvement with CAMCO and XYZ, they have never availed themselves of the privilege of conducting business or any other substantive activities in Florida, nor invoked the protection or benefits of Florida law; they do not have any regular or systematic business or personal interests or contacts with Florida; they do not and have never owned, leased, or maintained any property in Florida; they do not maintain bank accounts in Florida; they do not have a telephone listing or address in Florida; they do not maintain offices or places of business in Florida; and they do not have employees in Florida who act on their behalf.
Once a defendant challenges personal jurisdiction by filing an affidavit that *701 is legally sufficient to challenge the jurisdictional allegations of the complaint, the burden shifts to the plaintiff to prove by affidavit the basis for long-arm jurisdiction over the defendant. Vencap, Inc. v. McDonald Sec. Corp., 827 So.2d 1061, 1062 (Fla. 2d DCA 2002). Here, the Appellants filed such legally sufficient affidavits, and the Appellees failed to file any sworn proof showing the basis for long-arm jurisdiction over them. Accordingly, the trial court was obligated to grant the Appellants' motion to dismiss the Appellees' amended complaint. Id. at 1063 (citing Tobacco Merchants Ass'n of U.S. v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995)).
Reversed.
NORTHCUTT and STRINGER, JJ., concur.
NOTES
[1] Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002) (holding that standard of review of trial court's ruling on motion to dismiss for lack of jurisdiction is de novo).