595 So.2d 164 (1992)
Lynn WILLIAMS, Appellant/Petitioner,
v.
Anthony R. MARTIN, Appellee/Respondent.
Nos. 91-01191 (Appeal), 91-02624 (Cert.).
District Court of Appeal of Florida, Fourth District.
February 19, 1992.
Rehearing Denied March 13, 1992.
Lynn Williams, pro se.
Anthony R. Martin, pro se.
PER CURIAM.
In these consolidated cases, Williams appeals an interlocutory order that denied her motion to dismiss for lack of in personam jurisdiction and petitions for a writ of certiorari to review a subsequent order that granted a motion to compel discovery in the same action. For the reasons stated below, we reverse the order that denied Williams' motion to dismiss and accordingly, quash the order that compelled discovery.
Martin has filed a two-count complaint against Williams, a Connecticut resident. Count One seeks one million dollars in damages and injunctive relief for Williams' alleged breach of an attorney-client privilege and defamation. Specifically, the complaint alleges that Williams is the office manager of an attorney with whom Martin entrusted various legal matters. Williams is claimed to have "mailed smear materials to Florida media, anonymously, seeking to defame Martin's mother and acting in a grossly irrational manner." Count One further charges that Williams
has now begun to disseminate confidential attorney/client information, and to give documents and bizarre information, and personal information which was obtained in confidence as a result of the attorney/client relationship, to [a named individual] and third parties, who are now harassing plaintiff and his family with the information and claims.
Count Two seeks an injunction to prevent Williams from communicating with Martin or his family by any means, in light of Williams' alleged conduct in Count One.
Williams filed a motion to dismiss the complaint for lack of in personam jurisdiction. In support of her motion, she filed an affidavit in which she stated that she is a resident of Connecticut, has no substantial connection to the state of Florida, and has engaged only in "isolated" activity within this state. The trial court denied the motion to dismiss.
In reviewing the denial of Williams' motion to dismiss, we are limited to the appendices attached to her briefs. The only relevant items contained in these appendices are the complaint, the motion to dismiss, her affidavit in support of the motion to dismiss, and the trial court's order. Despite *165 being given the opportunity to respond to the actual merits of the appeal and to advance legal arguments and record proof in support of the trial court's rulings, Martin has chosen to call his adversary names and to discount the appeal as frivolous. While we are reluctant to reverse a trial court order given these limitations, we are constrained to do so.
The complaint in this case fails to allege sufficient jurisdictional facts to bring this action, and the nonresident defendant, within the ambit of our long-arm statute, section 48.193, Florida Statutes (1989). See Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988). The only allegation that even comes remotely close to doing so is that Williams "mailed smear materials to Florida media ... to defame plaintiff's mother." Martin's mother, however, is not a named party to this action and is nowhere alleged to be a resident of Florida. Further, the complaint does not reveal that the alleged disclosure of confidences protected by an attorney-client privilege occurred in Florida.
Williams' motion to dismiss for lack of jurisdiction and her supporting affidavit successfully raised the legal sufficiency of the complaint. Martin was then required to prove by affidavit the basis upon which jurisdiction could be obtained. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). No such affidavit or other sworn proof appears in this record. Thus, the trial court erred in denying Williams' motion to dismiss for lack of jurisdiction. It necessarily follows that the trial court also erred in granting the motion to compel discovery.
Accordingly, we reverse the trial court's order that denied Williams' motion to dismiss, quash the discovery order, and remand with directions to dismiss the complaint.
RYDER, THREADGILL and PARKER, Associate Judges, concur.