MICKLE, Judge.
Stanley Horowitz (Horowitz) appeals a non-final order of the trial court denying his motion to dismiss the complaint against him for lack of personal jurisdiction. We reverse.
Rose Printing Company, Inc. (a Florida corporation), filed an action for breach of contract against Horowitz (a Georgia resident) and ESB Trading Company, Inc. (a Georgia corporation)[1]. As the basis for personal jurisdiction, Rose Printing Company alleged that “the cause of action arose from Defendants operating, conducting, engaging in or carrying on a business or a business venture in this state” and “Defendants breached a contract in this state by failing to perform acts required by the contract to be performed in this state.”
Horowitz (who is president of ESB Trading Company) and ESB Trading Company moved to dismiss the complaint for lack of personal jurisdiction. The motion to dismiss was denied on the grounds that it was improperly filed pro se and that the language of the contract evinced an intent on the part of the parties that Leon County would be the appropriate choice of forum for litigation.
Rose Printing Company then filed an amended complaint, asserting the same grounds for personal jurisdiction. ESB Trading Company and Horowitz, now represented by counsel, moved to dismiss the amended complaint on the basis that they lacked the necessary minimum contacts with Florida for the exercise of personal jurisdiction over them. In support of the motion, Horowitz submitted an affidavit personally attesting that neither he nor ESB Trading Company operates, conducts, engages in or carries on a business or business venture in Florida, that neither he nor ESB Trading Company breached a contract in Florida, and that neither he nor ESB Trading Company was required to perform any acts in Florida pursuant to the terms of the alleged contract. The trial court denied the motion to dismiss, finding its previous ruling on the earlier motion to be the law of the case.
The procedure for resolving questions of personal jurisdiction was set out by the Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). Specifically, in determining whether long-arm jurisdiction is appropriate in a given case, a complaint must allege sufficient jurisdictional facts to bring the action within the ambit of the applicable long-arm statute and the defendant must have sufficient minimum *327 contacts with the forum state to satisfy due process requirements. A defendant wishing to contest the allegations of the complaint concerning jurisdiction, or to raise the contention of a lack of minimum contacts, must file a legally sufficient affidavit in support of his position. The burden is then on the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. Venetian Salami; Tobacco Merchants Ass’n of U.S. v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995). If no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant’s motion to dismiss. Tobacco Merchants.
In the instant case, Horowitz’s undisputed affidavit averring no operation of a business in Florida, no breach of contract in Florida, and no requirement to perform any acts in Florida, was legally sufficient to contest Rose Printing Company’s jurisdictional allegations. Rose Printing Company’s failure to respond with a counter-affidavit or other sworn proof that Horowitz operated or conducted a business in Florida, or that Horowitz breached the contract by failing to perform acts required by the contract to be performed in Florida, served to defeat the exercise of long-arm jurisdiction over Horowitz. See Tobacco Merchants; Williams v. Martin, 595 So.2d 164 (Fla. 4th DCA 1992); Passy v. Lewis, 553 So.2d 223 (Fla. 1st DCA 1989) (even if allegations of complaint could be construed as adequate to invoke long-arm statute, plaintiff nevertheless has burden to prove defendant is subject to jurisdiction where defendant controverted the allegations of the complaint by affidavit).
REVERSED and REMANDED with instructions to grant the motion to dismiss.
ERVIN and LAWRENCE, JJ., concur.

. Pursuant to a notice of voluntary dismissal, ESB Trading Company was dismissed as a defendant below and is no longer a party to this appeal.