KELLY, Judge.
 

 In these consolidated appeals, Sam Vance appeals the default final judgment entered against him and in favor of Tire Engineering and Distribution, LLC, (TED), as well as the order awarding TED exemplary damages and attorney’s fees and costs. He argues that the trial court erred in denying his motion to dismiss the complaint for lack of personal jurisdiction. We agree and reverse.
 

 TED is a Florida limited liability company with its principal place of business in Florida. TED does business as Alpha Tyre Systems and Alpha Mining Systems. TED is a joint venture between BCATCO ARL, which also does business as Alpha Mining Systems, and Guizhou Tire Company (GTC), a Chinese company. TED is involved in the engineering, distribution, and wholesaling of imported commercial, industrial, and mining tires. Alpha Mining
 
 *776
 
 designs, develops, markets, and sells the tires, and GTC manufactures them. Vance did consulting and marketing work for Alpha Mining from approximately 1997 or 1998 through May 2005. After Vance ended his relationship with Alpha Mining, TED sued him alleging various intentional torts including tortious interference with business relationships and misappropriation of trade secrets.
 

 Vance moved to dismiss for insufficiency of service of process and for lack of personal jurisdiction, stating that he is a resident of Virginia and that he had conducted all his TED-related business in either Virginia or China. TED responded ■with an affidavit designed to show that Vance had sufficient contacts with Florida to permit its courts to exercise personal jurisdiction over him. The trial court referred the matter to a magistrate who, without elaboration, concluded that the complaint alleged sufficient facts to show a basis for personal jurisdiction under the long-arm statute. The magistrate also found that the parties’ affidavits could be harmonized and that the facts in the affidavits demonstrated sufficient contacts between Vance and Florida to satisfy constitutional due process requirements. Based on the magistrate’s recommendation, the trial court denied Vance’s motion to dismiss for lack of personal jurisdiction, and Vance appealed. This court uses a de novo standard to review a trial court’s ruling on a motion to dismiss for lack of personal jurisdiction.
 
 Wendt v. Horowitz,
 
 822 So.2d 1252, 1256 (Fla.2002).
 

 To determine whether a Florida court can exercise jurisdiction over a nonresident defendant, the trial court must make a two-part inquiry. First, it must determine whether the complaint alleges sufficient jurisdictional facts to subject the defendant to long-arm jurisdiction under section 48.193, Florida Statutes (2005), the long-arm statute.
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989). If the plaintiff has met this requirement either by pleading facts or, alternatively, by pleading the language of the long-arm statute, the court must then determine whether the plaintiff has demonstrated that the defendant has sufficient contacts with Florida to satisfy constitutional due process requirements.
 
 Id.
 
 If the complaint does not allege a sufficient basis to assert long-arm jurisdiction over the defendant, the court need not reach the issue of whether the defendant has the requisite minimum contacts with the state.
 
 See Ernie Passeos, Inc. v. O’Halloran,
 
 855 So.2d 106, 108 (Fla. 2d DCA 2003);
 
 Hewitt v. Taffee,
 
 673 So.2d 929, 932 (Fla. 5th DCA 1996).
 

 Vance’s motion to dismiss was a challenge to the legal sufficiency of the jurisdictional allegations in TED’s complaint.
 
 See Venetian Salami,
 
 554 So.2d at 502. The complaint does not plead the language of the long-arm statute; thus, to withstand a motion to dismiss it must contain factual allegations demonstrating that Vance is subject to jurisdiction under the long-arm statute. The only factual allegations in the complaint that pertain to jurisdiction are that Vance had been a marketing manager for Alpha Mining for eight years, that Alpha Mining is the engineering and marketing arm of TED, and that TED is a Florida company with its principal place of business in Florida. Without more, these allegations do not demonstrate that Vance is subject to jurisdiction under the long-arm statute. Because the plaintiff did not meet this threshold requirement, the trial court should have dismissed the complaint rather than going on to consider the parties’ affidavits for the purpose of determining whether Vance had sufficient contacts with Florida to satisfy constitutional due process requirements.
 

 
 *777
 
 Accordingly, we reverse the final default judgment along with the order awarding exemplary damages and attorney’s fees and costs. On remand the circuit court shall vacate the order denying Vance’s motion to dismiss, shall enter an order dismissing the complaint with leave to amend, and may conduct further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 VILLANTI and CRENSHAW, JJ., Concur.