EMAS, J.
Raymond B. Vickers appeals a non-final order denying his motion to dismiss the amended complaint for lack of personal jurisdiction. Vickers, a resident of Alaska since January 2008, was sued in 2011 by HBS Collections, LLC (“HBS”), as assign-ee of the law firm of Fowler White Burnett (“FWB”), for unpaid legal bills allegedly incurred by Vickers from 2007 through 2010. The amended complaint, which included a count for breach of oral contract and quantum meruit, alleged, in part, that FWB and Vickers orally agreed FWB would perform legal services in the State of Florida and that all payments for those services were due to be paid in Miami-Dade County. It also alleged that Vickers maintained several residences in Florida and had continuous and systematic business relationships in Florida. Attached to the amended complaint were nearly 150 pages of invoices sent by FWB to Vickers between 2007 and 2010, purportedly covering a variety of matters in which FWB performed legal services on behalf of Vick-ers, as well as legal services related to various Florida ventures in which Vickers was involved.
Vickers moved to dismiss for lack of personal jurisdiction. In support of his motion, Vickers filed an affidavit in which he denied entering into an oral contract with FWB to perform legal services on his behalf, denied agreeing to pay for any of the legal services allegedly performed, and denied authorizing FWB to perform on his behalf the legal services reflected in the invoices attached to the amended complaint. Vickers further averred that since his move to Alaska in 2008, any communication with FWB was not in a personal capacity but only in his capacity as a director of Florida companies and as personal representative of his mother’s estate.
HBS responded by filing the affidavit of FWB attorney, Howard Gordon, who disputed Vickers’ assertion that he did not contract with FWB for legal services. Gordon also averred that the law firm has maintained a continuous professional relationship with Vickers from 1998 to the present, that Vickers directed the litigation and other legal matters in Florida, that legal services were provided to Vickers both personally and in a representative capacity, and that FWB continued to provide legal services to Vickers even after he relocated to Alaska.
After a non-evidentiary hearing, the trial court denied Vickers’ motion to dismiss. Because those averments in the competing affidavits that bear on the issue of personal jurisdiction are in direct conflict and cannot be harmonized, the trial court is required to conduct a limited evidentiary hearing to resolve the disputed facts and determine the jurisdictional issue. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989); Instrumentacion, Ltda. v. Philips Elec. N. Am. Corp., 951 So.2d 1001, 1003 (Fla. 3d DCA 2007). We therefore reverse and remand for the trial court to permit limited jurisdictional discovery (if necessary), and thereafter to conduct a limited evidentiary hearing as set forth by the Florida Supreme Court in *1230 Venetian Salami.[1]
REVERSED AND REMANDED.

. Because we reverse and remand for a limited evidentiary hearing, we do not reach the merits of the other issues raised in this appeal.