EMAS, J.
Redwood Recovery Services, LLC (“Redwood”) appeals the dismissal of its amended impleader complaint. Because there are issues of material fact which are in direct conflict, we reverse and remand for the trial court to conduct an evidentia-ry hearing.

BACKGROUND

This case began with a lawsuit filed by Redwood against Jeffrey Kirsch and several other entities, including American Residential Equities, LLC (“ARE”). Kirsch is the principal of ARE. ARE’s business involved borrowing money from foreign individuals for the purpose of purchasing troubled first mortgage loans in bulk from banks at deeply discounted prices. ARE formed several different limited liability companies to collect money from its lenders and make the purchases from banks. ARE was then paid a management fee by the LLCs. At some point, ARE, Kirsch, and others breached the promissory note held by Redwood, and Redwood sued.
Following a bench trial, the court entered a final judgment in favor of Redwood against ARE, Kirsch, and the other judgment debtors, jointly and severally, in the amount of $10,522,916. In an effort to collect on its judgment, Redwood filed a motion to implead Addle Hill, Inc. (“Addle Hill”), asserting ARE had transferred all of its assets, employees and rights to Addle Hill. The motion to implead was granted and Redwood filed its amended impleader complaint against Addle Hill, a Delaware corporation with its principal place of business in California.
In its complaint, Redwood alleged the court had both general and specific personal jurisdiction over Addle Hill, because Addle Hill maintains its records in Miami-Dade County, Florida, has employees who perform their duties in Miami-Dade County, Florida, and because it received numerous transfers of assets from ARE during the pendency of the underlying lawsuit. In addition, Redwood alleged, the court had jurisdiction under an alter ego theory, because Addle Hill was a mere instrumentality of ARE, improperly formed to conceal and shield ARE’s assets from creditors, including Redwood.
Addle Hill moved to dismiss the amended impleader complaint for lack of personal jurisdiction. It asserted Addle Hill was “unrelated” to ARE; that ARE was trustee of the assets held by the various LLCs *1039 and had no ownership interest in those assets; that ARE had taken no management fees since 2008, was insolvent, and currently existed only in its capacity as trustee, holding title to assets for the benefit of the trust beneficiaries; that Addle Hill does not maintain an office or agency, nor any business records or bank accounts in Florida; that its only contact with Florida are two employees who telecommute from their Florida residences and those residences are not Addle Hill offices; and finally, that there is no jurisdiction under an alter ego theory because Addle Hill is not a shareholder of ARE and because the two are engaged in entirely different businesses.
Attached to its motion to dismiss was a declaration of Kirsch and two affidavits from Addle Hill employees, general counsel Lisette Smyth and CFO William Hirschkowitz. Smyth, who was employed by ARE from 2002 to 2011, averred that she began working for Addle Hill in April 2011 and that she worked from her home in Florida, primarily by telephone and electronic correspondence. She asserted that she had never conducted any business activities for Addle Hill in Florida and telecommuted with Addle Hill personnel in the California office. Hirschkowitz similarly averred that although he worked for Addle Hill from his home in Florida, he had never done business on its behalf in Florida. He asserted that Addle Hill’s books and files were kept in California and that he travelled there several times.
After conducting limited jurisdictional discovery, Redwood responded to Addle Hill’s motion to dismiss, and challenged the statements made by Kirsch, Smyth and Hirschkowitz that Addle Hill never operated or conducted business activities in Florida. In support of its contention, Redwood attached a copy of an Addle Hill lease, dated May 28, 2009, listing a Miami address for the delivery of notices to Addle Hill, and identifying ARE as a guarantor. The guaranty was signed by Kirsch. Redwood also submitted evidence that ARE had paid Addle Hill’s lease payments and other expenses and that the two companies had shared office space in California. Finally, Redwood’s response included excerpts of the deposition testimony of Smyth and Hirschkowitz, wherein they each contradicted certain material statements made in their previous affidavits, and the deposition of another Addle Hill employee, Pam Perrot. Although the copies of the depositions were not attached to the response to the motion to dismiss, they were filed with the court on the same date that Redwood filed its response.
Addle Hill replied to Redwood’s response, asserting the amended impleader complaint should be dismissed for lack of personal jurisdiction because Redwood had failed to prove by affidavit the basis upon which jurisdiction may be obtained. Addle Hill also attempted to explain the alleged inconsistencies between Smyth and Hirschkowitz’s affidavits and deposition testimony.
On February 1, 2013, the trial court entered an order sua sponte dismissing Redwood’s impleader complaint, indicating it had “reviewed the file, the motion, mem-oranda, hearing argument of counsel and being otherwise fully advised ...” and granted Addle Hill’s motion to dismiss because Redwood had failed to file “its supporting affidavit addressing the challenge as to personal jurisdiction.” The order granted Redwood leave to file an amended complaint within ten days. The court later acknowledged, however, that this order inadvertently was not sent to the parties.
Having not received the court’s dismissal order, the parties set a hearing on Addle Hill’s motion to dismiss on March 19, 2013. At the hearing, the court notified the par *1040 ties of its February 1st dismissal order, but indicated that it would entertain an ore terms motion for rehearing of its dismissal order. After hearing argument from both parties, the trial court requested Redwood file a written motion for rehearing, after which the court would decide whether to vacate its February 1st order. Redwood complied with the court’s order and filed a written motion for rehearing, attaching all of its previously-filed supporting documents, but the rehearing motion was denied without explanation.
Redwood then filed a motion for clarification and reconsideration of the order denying its motion for rehearing, indicating it was unclear whether the trial court considered its evidence, whether Redwood still had leave to file an amended complaint[1], or whether the court considered the evidence and determined there was no jurisdiction over Addle Hill. The trial court denied the motion for clarification and reconsideration, noting “there is no provision in the Rules of Civil Procedure for another Motion for Rehearing” and “no clarification is needed.” This appeal followed.

ANALYSIS

We review de novo a trial court’s ruling on a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So.2d 1252 (Fla.2002). Generally, as set forth by the Florida Supreme Court in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), the procedure for determining whether a Florida court has personal jurisdiction over a non-resident defendant is as follows:
Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.
If the material facts alleged in the opposing affidavits[2] conflict with one another, the trial court is required to hold an evi-dentiary hearing to resolve the jurisdictional issue, id. at 503, and the appellate court must reverse to allow the trial court to do so. Minchuk v. Reyes, 967 So.2d 407 (Fla. 3d DCA 2007). See also, John Posey Corp. v. R.J.T. Eng’g, Inc., 617 So.2d 441 (Fla. 5th DCA 1993).
The record on appeal does not establish the basis for the trial court’s dismissal of Redwood’s impleader complaint or its basis for denying rehearing. Moreover, the sworn proof submitted by both parties in support of their respective jurisdictional positions is in conflict in material respects, and cannot be reconciled without an evidentiary hearing. Accordingly, we reverse and remand for the trial court to conduct a limited evidentiary hearing to *1041 resolve those disputed facts and determine the jurisdictional issue. Vickers v. HBS Collections, LLC, 132 So.3d 1228 (Fla. 3d DCA 2014).
Reversed and remanded.

. The original order (rendered February 1) dismissed the impleader complaint but gave Redwood leave to amend its complaint within ten days. However, the parties did not even become aware of the existence of that order until March 19, well after that ten days had expired.

. A plaintiff may prove a basis for long-arm jurisdiction either by affidavit or "other sworn proof,” which includes deposition testimony. Tobacco Merch. Ass’n of U.S. v. Broin, 657 So.2d 939 (Fla. 3d DCA 1995); Hernandez v. Bass Aviation, Inc., 453 So.2d 447 (Fla. 4th DCA 1984).