# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2165
Lower Tribunal No. 14-14904
_____


**Gilles Rollet,**
Appellant,

vs.

**Gwenaelle de Bizemont,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Pardo Gainsburg and Stevan J. Pardo and Michael J. Pardo, for appellant.

Alain Lecusay, for appellee.


Before SUAREZ, SALTER and EMAS, JJ.

EMAS, J.

Gilles Rollet appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction. For the reasons that follow, we reverse and remand with directions to dismiss the complaint for lack of personal jurisdiction.

## BACKGROUND

Gwenaelle de Bizemont ("de Bizemont") filed a complaint against her husband[1], Rollet and others[2], seeking, inter alia, equitable rescission of an assignment of a real estate contract to purchase a condominium on South Beach. De Bizemont alleged that Rollet fraudulently, or with undue influence, assigned the contract to a foreign entity without de Bizemont's consent in order to divest her of her property rights. The only allegation in the Complaint relating to personal jurisdiction was de Bizemont's statement that Rollet was both "sui juris" and "a foreign resident." It is undisputed that Rollet and de Bizemont are citizens of France and reside in Dubai, United Arab Emirates. Neither of them have ever resided in Florida.

The purchase and sale contract was attached to the complaint, and provided that the closing was to take place in Miami-Dade County, and that the contract was to be construed under Florida law. The assignment at issue was also attached to

---

[1] At the time the complaint was filed, Rollet and de Bizemont were in the midst of divorce proceedings in France.

[2] Since the issue on appeal is one of personal jurisdiction, the other defendants have not appealed and their involvement is not germane to this court's decision.

the complaint. It identified the assignee as Aderson Capital, Ltd., with an address in the British Virgin Islands.

Rollet filed a motion to dismiss the complaint for lack of personal jurisdiction, together with his accompanying affidavit. In the affidavit, Rollet averred de Bizemont failed to plead allegations to establish personal jurisdiction over him, and that it would be impossible to plead any such allegations because Rollet:

●Was a French citizen and not a United States citizen;

●Was never domiciled in nor ever resided in Florida;

●Has resided in Dubai, United Arab Emirates, without interruption, since 2005;

●Did not own any real property in Florida, or hold any mortgage or lien on real property in Florida;

●Had no office, agency or registered agent in Florida and was not registered to do business in Florida;

●Did not do business in Florida or conduct any mailing, advertising or solicitation in Florida;

●Possessed no Florida licenses or registrations; and

●Had not traveled to Florida for any reason since 2010.

Rollet also averred that he and de Bizemont signed the real estate contract in Dubai, and that he had no conversations with her in Florida regarding any transaction that is the subject of the lawsuit. De Bizemont filed no counter-affidavit or other document or evidence to contest the averments in Rollet's affidavit.

A non-evidentiary hearing was held on August 13, 2014, at the conclusion of which the court entered an order denying the motion to dismiss without elaboration.[3] This appeal followed.

Rollet asserts that the Complaint failed to contain sufficient allegations to establish personal jurisdiction and that, given the unrebutted averments in Rollet's affidavit, the trial court erred in denying the motion to dismiss. De Bizemont contends that the trial court's order must be affirmed because Rollet failed to provide a transcript of the non-evidentiary hearing; that it is improper for Rollet to rely on his affidavit on appeal because the hearing below was non-evidentiary; and that the trial court properly denied the motion to dismiss because the Complaint sufficiently alleged a claim of fraud which arose in Florida.

**ANALYSIS**

---

[3] This court has not been provided with the transcript of the hearing.

4

We review the issue presented *de novo*. <u>Labbee v. Harrington</u>, 913 So. 2d 679 (Fla. 3d DCA 2005). Our analysis begins with Florida's long-arm jurisdiction statute, section 48.193, Florida Statutes (2014), which provides, in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
>
> . . .
>
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

The Florida Supreme Court has described the two-step process required to be applied by a trial court in its determination of personal jurisdiction over a particular defendant:

> First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute;

5

and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.

Borden v. East-European, Ins. Co., 921 So. 2d 587, 592 (Fla. 2006) (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)). See also Tobacco Merchants Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995). In determining whether the complaint alleges sufficient jurisdictional facts to bring the action within Florida's long-arm statute, "the trial court must strictly construe the statute in favor of the non-resident defendant[]." Navas v. Brand, 130 So. 3d 766 (Fla. 3d DCA 2014). "If the complaint does not allege a sufficient basis to assert long-arm jurisdiction over the defendant, the court need not reach the issue of whether the defendant has the requisite minimum contacts with the state." Vance v. Tire Eng'g & Distrib., LLC, 32 So. 3d 774, 776 (Fla. 2d DCA 2010).

An allegation in the complaint that a defendant is "sui juris" is clearly insufficient, alone, to establish long-arm jurisdiction over a non-resident defendant. See Hilltopper Holding Corp. v. Estate of Cutchin, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (noting the plaintiff may meet its burden of sufficiently pleading the basis for jurisdiction "either by tracking the language of section 48.193 without pleading supporting facts, or by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193"). Nevertheless, de Bizemont contends that the complaint sufficiently alleged a basis

6

for specific personal jurisdiction[4] because it attached a contract for the purchase and sale of real property in Florida, and that contract was signed by de Bizemont and Rollet.[5]  However, the Complaint (as against Rollet) does not allege a breach of this purchase and sales contract.[6]   The gravamen of the Complaint against Rollet is that he fraudulently assigned this contract to a third party who ultimately purchased the property.   Neither Rollet nor de Bizemont purchased the property that is the subject of the contract, and the mere attachment of this contract to the Complaint is insufficient to establish personal jurisdiction over Rollet because the allegations against him assert a fraudulent assignment of the contract.  There is no allegation in the complaint that the assignment took place in Florida.  See Edwards v. Airline Support Group, Inc., 138 So. 3d 1209 (Fla. 4th DCA 2014) (holding the complaint did not sufficiently allege a basis for specific jurisdiction where there was no allegation that an alleged fraud took place in Florida).

Further, even if we were to conclude that the complaint sufficiently alleged specific personal jurisdiction over Rollet, de Bizemont failed to allege or otherwise establish sufficient minimum contacts to satisfy the due process prong of Florida's

[4] Specific jurisdiction "requires a causal connection between the defendant's activities in Florida and the plaintiff's cause of action."  Canale v. Rubin, 20 So. 3d 463, 466 (Fla. 2d DCA 2009).

[5] Rollet's unrebutted affidavit, however, avers that the contract was signed by him and de Bizemont in the United Arab Emirates.

[6] Other counts in the Complaint allege a breach of this purchase and sales contract against other defendants below.  Those counts, and those other defendants, are not a part of the instant appeal.

7

long-arm jurisdiction. In Florida, "both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." Hampton Island Pres., LLC v. Club & Cmty. Corp., 998 So. 2d 665, 667 (Fla. 4th DCA 2009) (quoting Am. Fin. Trading Corp. v. Bauer, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002)). Under this prong, which is to be determined on a case-by-case basis, "the specific inquiry is whether the nonresident defendant should reasonably have anticipated being haled into court in Florida." Wiggins v. Tigrent, Inc., 147 So. 3d 76, 86 (Fla. 2d DCA 2014). The complaint contains no allegations to satisfy the minimum contacts prong.

Finally, de Bizemont's failure to file an affidavit or other evidence to rebut Rollet's affidavit, filed in support of his motion to dismiss, required dismissal of the complaint.

As this court has previously recognized:

> There is a specific procedure set out in Venetian Salami for determining the sufficiency of allegations asserting jurisdiction under the long-arm statute. A defendant wishing to contest jurisdiction must file a legally sufficient affidavit in support of his position. "The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained."

Broin, 657 So. 2d at 941 (quoting Venetian Salami, 554 So. 2d at 502). Moreover, once this burden has shifted[7], "[i]f no such sworn proof is forthcoming from the

---

[7] As this court noted in Broin, it is not the mere filing of the affidavit, but the legal sufficiency of its averments that will cause the burden to shift to plaintiff:

8

plaintiff as to the basis for jurisdiction, **the trial court must grant the defendant's motion to dismiss**." Id. (emphasis added). See also Vencap, Inc. v. McDonald Sec. Corp., 827 So. 2d 1061 (Fla. 2d DCA 2002); Horowitz v. Rose Printing Co., Inc., 664 So. 2d 325 (Fla. 1st DCA 1995); Williams v. Martin, 595 So. 2d 164 (Fla. 4th DCA 1992).

It is undisputed that Rollet filed an affidavit contesting the allegations of personal jurisdictional set forth in de Bizemont's complaint. That affidavit was legally sufficient to satisfy Rollet's threshold burden, thus shifting to de Bizemont the burden of proving, by affidavit or other sworn proof, a valid basis for personal jurisdiction over Rollet. De Bizemont failed to file an affidavit or provide any sworn proof in response to Rollet's legally sufficient affidavit.

De Bizemont's assertion that the trial court could not properly consider Rollet's affidavit because the hearing on the motion to dismiss was non-evidentiary, is flawed and ignores Broin's requirement (as discussed supra) that a defendant seeking to contest personal jurisdiction must file a legally sufficient affidavit in support of his motion to dismiss. Rollet submitted such an affidavit and it clearly met the threshold necessary to contest personal jurisdiction. Rollet's

> The defendant's affidavit must meet all requirements for legal sufficiency and must also refute all jurisdictional allegations in the plaintiff's complaint. But once this has been done, the burden shifts to plaintiff to refute the legally sufficient affidavit.

Broin, 657 So. 2d at 941 n. 4.

9

affidavit was expressly incorporated into, and filed together with, his motion to dismiss for lack of personal jurisdiction. The motion and affidavit served to shift the burden to de Bizemont to refute or rebut the allegations by providing her own affidavit or other sworn proof to establish a basis for personal jurisdiction of Rollet. By failing to do so, de Bizemont acted at her own peril in attending a non-evidentiary hearing at which the trial court would be able to consider only the complaint, the motion to dismiss, and Rollet's affidavit. Ironically, the primary (if not sole) reason the hearing was non-evidentiary was de Bizemont's failure to counter Rollet's affidavit with an affidavit of her own. Absent a counter-affidavit, the averments in Rollet's affidavit stood unrebutted, thus requiring no reconciliation of averments or the taking of evidence to resolve disputed jurisdictional allegations. See Venetian Salami, 554 So. 2d at 503 (in face of conflicting affidavits, trial court must either reconcile affidavits or hold limited evidentiary hearing to resolve disputed facts relating to personal jurisdiction); Broin, 657 So. 2d at 941 (same).

De Bizemont also contends that we should affirm because Rollet failed to provide a transcript of the non-evidentiary hearing, citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). This argument misses the mark as well. In Applegate, Barnett Bank sought review from an adverse judgment imposing a constructive trust, following a nonjury trial which was conducted

10

without a court reporter. Barnett Bank urged error in the factual findings made by the trial court. The Court held that the absence of a trial transcript (or adequate substitute) prevented appellate review:

> The trial court's imposition of a constructive trust could well be supported by evidence adduced at trial but not stated in the judge's order or otherwise apparent in the incomplete record on appeal. The question raised by Barnett Bank clearly involves underlying issues of fact. When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.

Id. at 1152 (emphasis added).

The instant case presents no Applegate issue; in fact, de Bizemont's own characterization of the hearing below as non-evidentiary (and the standard of review as *de novo*) proves the point: Where the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review. See Shahar v. Green Tree Serv. LLC, 125 So. 3d 251 (Fla. 4th DCA 2013) (failure to provide transcript of summary judgment hearing not fatal to appellate review where hearing consisted only of legal argument); Fish Tale Sales & Serv., Inc. v. Nice, 106 So. 3d 57 (Fla. 2d DCA 2013) (holding Applegate inapplicable to a non-evidentiary hearing involving only

11

legal argument on motion for leave to file third-party complaint); <u>Rittman v. Allstate Ins. Co.</u>, 727 So. 2d 391, 394 (Fla. 1st DCA 1999) (holding the rule announced in <u>Applegate</u> applies "only where the trial court's decision turns on its resolution of contested facts") (quoting <u>Ronbeck Constr. Co. v. Savanna Club Corp.</u>, 592 So. 2d 344, 348 (Fla. 4th DCA 1992)).   In the instant case, the absence of a counter-affidavit or other sworn proof from de Bizemont left the trial court with only the unrebutted affidavit of Rollet.  As there were no disputed issues of fact for the trial court to resolve, and only legal argument to be presented at the hearing, our *de novo* review is unimpeded by the absence of the hearing transcript.

We therefore reverse and remand with instructions to dismiss the complaint.