# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1233
Lower Tribunal No. 12-6263
_____


**Leopoldo Castillo,**
Appellant,

vs.

**Concepto Uno of Miami, Inc., etc.,**
Appellee.



An Appeal from a non-final order from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Arnstein & Lehr, Hilda Piloto and Susan E. Trench, for appellant.

Edwards & Clarkson, June M. Clarkson and Theresa B. Edwards (Fort Lauderdale), for appellee.


Before WELLS, EMAS and LOGUE, JJ.

EMAS, J.

## INTRODUCTION

Leopoldo Castillo appeals the trial court's nonfinal order denying his motion to dismiss a verified amended complaint for lack of personal jurisdiction. Because a valid dispute exists over the facts in support of personal jurisdiction, and the sworn proof provided by the parties in support of their respective positions cannot be reconciled, we reverse and remand for the trial court to conduct a limited evidentiary hearing to resolve the disputed jurisdictional facts.

## FACTS

In March 2012, Concepto Uno of Miami, Inc. filed a verified complaint in Miami-Dade County against Castillo and his wife, Gilda de Castillo, alleging, inter alia, breach of four different written contracts for interior design services on several properties, none of which are located in Florida.[1] Following dismissal of the original verified complaint, Concepto Uno filed a "verified"[2] amended complaint, alleging Castillo "resides in. . . Boca Raton, Florida, and owns property and does business in Miami-Dade County and is otherwise *sui juris*." The amended complaint alleged that "[a]ll contracts were entered into and were due

---

[1] The properties are located in New York, France and Venezuela.

[2] Although this amended complaint was titled "verified," it was not actually verified by anyone. However, the original complaint, which was dismissed by the trial court for failure to attach translated versions of the four contracts, was verified and contained the same jurisdictional allegations as the amended complaint.

2

and payable in Miami-Dade County, Florida."  Attached to the complaint were the four contracts, only one of which purports to bear the signature of Castillo.

Castillo moved to dismiss the "verified" amended complaint for lack of personal jurisdiction.  Attached to the motion to dismiss was Castillo's affidavit, in which he averred that he:

● Has resided in the Dominican Republic since 2012, and prior to that in Venezuela;

● Is not a resident of Florida or of any state in the United States;

● Has never lived in Miami-Dade County;

● Owns a 1% interest in a property located in Boca Raton; and

● Did not execute any of the four contracts attached to the amended complaint.

Concepto Uno filed no affidavit or other sworn proof in response to Castillo's motion to dismiss.  A hearing was held on the motion to dismiss, at which no evidence was offered or testimony taken.  Though Concepto Uno filed no written response to the motion to dismiss, it argued at the hearing that the court did have personal jurisdiction over Castillo because he signed one of the contracts in Miami.  The court did not issue a ruling at the hearing, but later rendered an order which simply denied Castillo's motion to dismiss without elaboration.  This appeal followed.

3

## ANALYSIS

We review de novo the trial court's ruling on a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002). In Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989), the Florida Supreme Court set forth a two-prong test to be applied by Florida trial courts in determining whether personal jurisdiction may properly be exercised over a defendant. First, the court must determine whether "the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of" Florida's long-arm statute, section 48.193, Florida Statutes (2015). Id. at 502. Second, if the complaint does allege sufficient jurisdictional facts, "the next inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements." Id. "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." Id. Where the affidavits cannot be reconciled, the trial court is required to hold a limited evidentiary hearing to determine the jurisdictional issue. Id. at 503.

In this case, Castillo filed an affidavit contesting Concepto Uno's jurisdictional allegations in the complaint, but Concepto Uno filed no subsequent affidavit in response and presented no other evidence in support of those

4

allegations.  Castillo argues that dismissal was therefore required.  See Rollet v. Bizemont, 159 So. 3d 351, 356 (holding that once the burden shifts to the plaintiff, "'if no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, **the trial court must grant the defendant's motion to dismiss.**'" (quoting Tobacco Merchants Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995))). However, this court has previously held that "[o]ther competent sworn proof, such as depositions, a verified complaint or documents, may substitute for the affidavit to support the parties' allegations as to jurisdiction." Broin, 657 So. 2d at 941 n. 3.

The same jurisdictional allegations in the unverified amended complaint had been set forth in the original verified complaint. Although that complaint was dismissed, the verified complaint and the jurisdictional allegations contained therein were legally sufficient to serve as the sworn proof in support of Concepto Uno's allegations as to personal jurisdiction of Castillo.

Given that the jurisdictional allegations in Castillo's affidavit and the jurisdictional allegations in Concepto Uno's sworn proof could not be reconciled, the court should not have denied the motion, but rather should have conducted an evidentiary hearing to resolve the disputed jurisdictional facts.

Therefore, we reverse and remand for the trial court to conduct a limited evidentiary hearing to resolve the disputed facts relating to personal jurisdiction

and for further proceedings consistent with this opinion.  See <u>Broin</u>, 657 So. 2d at 941 (holding that if the plaintiff raises conflicting facts, the trial court should hold a limited evidentiary hearing to resolve any disputed facts relating to jurisdiction.)

Reversed and remanded with directions.