# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-927
Lower Tribunal No. 19-19206
_____

**Pino Bacinello,**
Appellant,

vs.

**Admiral Marine Surveyors LLC, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Hicks, Porter, Ebenfeld & Stein, P.A., and Mark Hicks, Dinah S. Stein and Sharon R. Vosseller, for appellant.

Arnaldo Velez, P.A., and Arnaldo Velez, for appellees.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

Pino Bacinello appeals an order denying his motion to dismiss a lawsuit filed by Admiral Marine Surveyors, LLC, and Dieselmax ("Admiral") for lack of personal jurisdiction. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). Because the trial court erred in denying the motion to dismiss where Bacinello's unrebutted sworn proof demonstrated he was acting in his capacity as president of Pacific when he purchased the yacht and erred in failing to hold a limited evidentiary hearing to resolve the issues of fact regarding whether Bacinello, as an individual, submitted himself to the jurisdiction of Florida by committing a tortious act within the state, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Pino Bacinello, the current president and sole employee of Pacific Mergers & Acquisitions Inc. and a Canadian citizen and resident, purchased a yacht in Ft. Lauderdale, Florida. Prior to the purchase, Bacinello hired Admiral to perform a sea trial and survey the yacht. After the purchase was completed, Bacinello allegedly discovered deficiencies with the yacht. Thereafter, Pacific sued Admiral and its representatives, Pedro Bregolat and Ricky Cheng, for negligence and negligent misrepresentation. Admiral counter-sued Pacific and filed third-party complaints against Bacinello personally, alleging he failed to preserve critical evidence and was negligent

per se, based on his alleged telephonic recordings between the parties. Admiral asserted that the trial court could exercise specific personal jurisdiction over Bacinello, as an individual, pursuant to Florida's long arm jurisdiction statute, section 48.193, Florida Statutes, because Bacinello personally engaged in a business venture in the state when he purchased the yacht in Florida, and he committed a tortious act within the state by surreptitiously recording telephonic communications.

Bacinello filed motions to dismiss the third-party complaints on the grounds that he was not subject to personal jurisdiction in Florida because: (1) he purchased the yacht in his capacity as president of Pacific, not as an individual and (2) he did not commit a tortious act in the state of Florida as the recording of the telephonic communications occurred in Canada, where it is legal for one party to record a conversation without the other party's permission.

Bacinello attached an affidavit specifically alleging that he was a Canadian citizen, did not conduct any business activities on his own behalf in Florida at any time relevant to the lawsuit and did not own or maintain a telephone listing in Florida. As to the telephonic recordings, Bacinello asserted at his deposition that all telephonic communications between the parties were initiated or received at Pacific's offices and that all calls included

3

an automated message indicating that any calls may be recorded for training and verification purposes. Admiral filed a response and attached portions of Bacinello's deposition transcript and the affidavits of Bregolat and Cheng. Their affidavits attested that they were contacted by Bacinello to conduct the marine survey of a yacht and communicated with him regarding that survey. Bregolat and Cheng's affidavits also averred they were not aware their telephone conversations with Bacinello were recorded and they had never consented to any recordings. The trial court held a non-evidentiary hearing on Bacinello's motions to dismiss and ultimately denied them. This appeal followed.

## LEGAL ANALYSIS

"The determination of whether the trial court properly ruled on a motion to dismiss for lack of personal jurisdiction is a question of law subject to de novo review." Labbee v. Harrington, 913 So. 2d 679, 681 (Fla. 3d DCA 2005). "The Florida Supreme Court has described the two-step process required to be applied by a trial court in its determination of personal jurisdiction over a particular defendant." Rollet v. de Bizemont, 159 So. 3d 351, 354–55 (Fla. 3d DCA 2015). "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient

4

'minimum contacts' are demonstrated to satisfy due process requirements." Id.; see Venetian Salami, 554 So. 2d at 502. In Florida, "both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." Rollet, 159 So. 3d at 356.

The procedure for determining whether there are sufficient jurisdictional facts to bring the action within the ambit of the long arm statute is well settled in Florida. Pursuant to Venetian Salami, a plaintiff bears the initial burden of pleading sufficient jurisdictional facts to fall within the long arm statute. Venetian Salami, 554 So. 2d at 502. If the allegations in the complaint are sufficient, the burden shifts and "[a] defendant wishing to contest jurisdiction must file a legally sufficient affidavit in support of his position." Tobacco Merchs. Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995). "The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." Venetian Salami, 554 So. 2d at 502. "If no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss." Broin, 657 So. 2d at 941. "If the plaintiff files a counter-affidavit raising conflicting facts, the trial court should then hold a limited evidentiary hearing to resolve any disputed facts relating to jurisdiction." Id.

5

*I.      Personal Jurisdiction for Conducting a Business Venture in Florida*

Admiral alleges that Bacinello submitted himself to the jurisdiction of Florida because he personally conducted a business venture in the state by purchasing a yacht here.  Section 48.193(1)(a), provides that a person, whether or not a citizen or a resident of this state, submits himself to the personal jurisdiction of Florida by "operating, conducting, engaging in, or carrying on a business or business venture in this state."  We find that Bacinello's sworn affidavit sufficiently avers that he was acting solely in his capacity as president of Pacific when he purchased the yacht and did not conduct any business ventures on his own behalf in Florida at any time relevant to the lawsuit.  The burden to submit affidavits rebutting that fact, therefore, shifts to Admiral.  Bregolat and Cheng's affidavits merely aver that Bacinello hired them to conduct a marine survey of the yacht.  We find Bregolat and Cheng's affidavits are insufficient to rebut Bacinello's claim he was acting in his capacity as president when he obtained the services from Admiral.  As such, the trial court erred in failing to grant the motion to dismiss as to its ability to obtain personal jurisdiction over Bacinello for his purchase of the yacht.

*II.      Personal Jurisdiction for Committing a Tortious Act in Florida*

Admiral next alleges that Bacinello is subject to the jurisdiction of Florida because he personally committed a tortious act within the state by surreptitiously recording telephonic communications. Section 48.193(1)(a), provides that a person, whether or not a citizen or a resident of this state, submits himself to the personal jurisdiction of Florida by "committing a tortious act within this state." "The Florida Security of Communications Act makes it a crime to intentionally intercept a person's electronic communications, including a telephone call, without prior consent of all parties to the communication, and permits private cause of action . . . for an interception in violation of the Act." France v. France, 90 So. 3d 860, 862 (Fla. 5th DCA 2012). It is undisputed that telephonic communications between Bacinello and Admiral's agents were recorded while Bacinello was working at Pacific. We, however, find that the affidavits and record before the trial court created an issue of fact as to: (1) whether the act of recording the communication was done by Bacinello, as an individual, or by Pacific, as a company; (2) where the calls emanated from; (3) where the calls were received; (4) who initiated the calls; and (5) whether the parties consented to the recordings. We therefore reverse and remand this issue for the trial court to hold a limited evidentiary hearing under Venetian Salami to resolve these disputed issues of fact and determine whether sufficient evidence

7

exists that Bacinello submitted himself to the jurisdiction of Florida by committing a tortious act within the state. <u>Venetian Salami</u>, 554 So. 2d at 502.

Reversed and remanded.