815 So.2d 718 (2002)
Stephen B. KEECH d/b/a Keech's Performance, etc., Appellant,
v.
Sultan YOUSEF, Appellee.
No. 5D00-3099.
District Court of Appeal of Florida, Fifth District.
April 26, 2002.
Gerald C. Surfus, Sarasota, for Appellant.
Peter B. Heebner, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Stephen B. Keech d/b/a Keech's Performance, appeals an adverse final judgment entered after trial in favor of Sultan Yousef on Yousef's claims of breach of contract, breach of implied warranty, and deceptive and unfair trade practices. While Keech raises several issues on appeal, we write to address only one.
Yousef owned a 1996 Impala SS, and wanted to significantly boost the horsepower of its engine. After several conversations with Keech, Yousef delivered the Impala to Keech's shop so Keech could increase its engine to 450 horsepower. When Keech finished the work, he delivered the Impala to Yousef and picked up Yousef's 1993 Corvette so that Keech could raise its engine to 500 horsepower. Shortly after the Impala was returned to him, Yousef learned that its engine only produced about 275 horsepower. When Keech was either unable or unwilling to remedy the problem, Yousef had the work done elsewhere, and retrieved his Corvette, in pieces, from Keech. Yousef then *719 filed suit against Keech concerning Keech's work on both cars.
While there was a significant conflict in the evidence presented by Yousef and Keech, there is competent, substantial evidence to sustain the judgment with the exception of Yousef's claim relating to the Impala under the Florida "Deceptive and Unfair Trade Practices Act" (DUTPA), Chapter 501, Part II, Florida Statutes (1997).[1] DUTPA provides that an aggrieved party may initiate a civil action against a party who has engaged in "[u]nfair methods of competition, unconscionable acts or practices," and "unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat. (1997). On appeal, Keech argues for the first time that a single instance of misconduct cannot constitute a violation of DUTPA.
In Beacon Property Management, Inc. v. PNR, Inc., 785 So.2d 564 (Fla. 4th DCA 2001), the court said:
The essential command of DUTPA is found in section 501.204(1), which provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The Legislature has explicitly said that DUTPA was designed "to protect the consuming public and legitimate business enterprises" from "unfair methods of competition" and unfair "trade practices" in any business.
* * *
* * *
The operative words of section 501.204(1) are methods and practices. The ordinary meaning of the noun method is "a means or manner of procedure, especially a regular and systematic way of accomplishing something." The ordinary meaning of the noun practice is "a habitual or customary action or way of doing something." A single instance of doing something does not make it a method or a practice. Evidence that the landlord acted in a particular way with the tenant does not prove "a regular and systematic way of competition, or "a habitual or customary action or way of doing something." The evidence is limited to the lease in question and does not imply the existence of method, or of a habitual or customary pattern of conduct. Equally, the evidence does not suggest any effect on competition in the relevant market of commercial landlords. Consequently, we conclude that the judgments based on DUTPA must be set aside.
785 So.2d at 567-68 (footnotes and internal citations omitted).
We agree with the fourth district's conclusion that the DUTPA requires more than an isolated act of misconduct. Yousef proved only one act that fell under DUPTA rather than showing that Keech engaged in a pattern of prohibited practices, as required. Nonetheless, we affirm the final judgment because the issue was not raised in the trial court. In the absence of fundamental error, an appellate court will not consider an issue that has been raised for the first time on appeal. Farinas v. State, 569 So.2d 425, 429 (Fla. 1990). A legal argument must be raised initially in the trial court by the presentation of a specific motion or objection at an appropriate stage of the proceedings. See Phillip J. Padovano, Florida Appellate *720 Practice, § 8.1, at 113 (2001-2002). The failure to preserve an issue for appellate review constitutes a waiver of the right to seek reversal based on that error. In expressing the purpose of the longstanding rule requiring the preservation of error, the supreme court said:
Florida courts have traditionally held that questions not timely raised and ruled upon in the trial court will not be considered on appeal. This policy ... is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and to correct errors accordingly. The primary purpose of the rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a postconviction relief proceeding. "Delay and unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually."
State v. Jefferson, 758 So.2d 661, 665 (Fla. 2000) (quoting Fla. H.R. Comm. on Crim. Just., CS for HB 211 (1996) Final Staff Analysis 3, 5 (March 26, 1996)). Because the DUTPA issue was not presented to the trial court, the issue was waived for appellate review. We find no merit in the other issues raised by Keech and affirm the final judgment.
AFFIRMED.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] The trial court found in favor of Keech on Yousef's DUTPA claim relating to the Corvette.