PALMER, J.
This matter involves two separate appeals arising from a probate court’s order distributing Angel Lopez Maldonado’s estate. Specifically, both the personal representative of the. estate, Maldonado’s son Ruben, and Maldonado’s former wife, Elizabeth Hernandez Pastrana, appeal the order entered by the probate court directing Ruben to distribute the estate’s assets and then close the estate. We affirm the probate court’s order, but write to address two claims of error raised by Pastrana.
Pastrana married Maldonado in Puerto Rico, and three sons were born during the marriage: Ruben, Raul, and Devis. In 1993, the couple’s marriage was dissolved by way of an order entered by a Puerto Rico court; however, the order did not distribute the parties’ marital assets. Thereafter, Maldonado re-located to Florida.
In 2005, Maldonado died. Ruben, as personal representative, filed a petition in Osceola County to establish and probate Maldonado’s will. Pastrana meanwhile filed a suit in Puerto Rico seeking an award of marital assets. Ultimately, the Puerto Rico court ruled that the marital assets totaled $415,424.39, and awarded one-half of the assets to Pastrana.
In March of 2006, Pastrana filed a motion seeking to intervene in the instant probate proceedings. She also filed an affidavit in which she set forth the facts relating to her Puerto Rico judgment and a claim against the estate.[1] One year later, Pastrana filed a renewed motion to intervene as well as a statement of claim against the estate for her half of the marital assets. Raul filed an objection to Pas-trana’s 2007 claim on the ground that it was untimely filed. In 2010, the court *502 entered an order striking Pastrana’s 2007 claim as untimely filed.
Ruben requested the probate court to close the estate. The trial court conducted a hearing on the motion. During the hearing, Raul and Ruben both requested that the estate be distributed and then closed. Counsel for Pastrana made no objection. Accordingly, the court directed Ruben to distribute the assets and close the estate.
Pastrana challenges this ruling, arguing that the trial court erred by directing Ruben to distribute the assets and close the estate while her 2006 claim was still pending. However, this argument was not preserved for purposes of appellate review because, when Raul and Ruben asked the court to distribute the assets and close the estate, counsel for Pastrana did not object. See Keech v. Yousef, 815 So.2d 718, 719-20 (Fla. 5th DCA 2002).
Pastrana also argues that the probate court reversibly erred in striking her 2007 statement of claim. However, this argument is without merit because the probate court struck the 2007 claim in 2010 and, therefore, we are without jurisdiction to review the issue in connection with our review of the court’s instant order; Pas-trana should have appealed the 2010 order in a timely manner. See Fla. R. App. P. 9.110(b).
AFFIRMED.
COHEN and EDWARDS, JJ., concur.

. Although the 2006 claim was contained within Pastrana’s affidavit, that affidavit was sufficient to meet the requirements of Florida Probate Rule 5.490. See May v. Illinois Nat'l Ins. Co., 771 So.2d 1143, 1158 (Fla.2000) ("The key requirement is that a claim be filed in the probate proceeding as opposed to the filing of an independent action.... The substance of the claim against [decedent’s] estate was set forth in detail and Florida law in this area should not elevate form over substance.”).