# Third District Court of Appeal

## State of Florida

Opinion filed July 05, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-100
Lower Tribunal No. 13-34873
_____

**Catherine Wadley and Bliss Consulting Services, Inc.,**
Appellants,

vs.

**Thomas P. Nazelli,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

The Law Offices of Mario G. Menocal, P.A., and Mario G. Menocal; Gutierrez Bergman Boulris, PLLC, and Jennifer A. Kerr, for appellants.

Krinzman Huss & Lubetsky, and Michael I. Feldman, for appellee.

Before ROTHENBERG, C.J., and SCALES and LUCK, JJ.

ROTHENBERG, C.J.

The plaintiffs below, Bliss Consulting Services, Inc. ("Bliss Consulting")

and its sole shareholder, Catherine Wadley ("Wadley") (collectively, "the plaintiffs"), appeal from an order dismissing with prejudice their first amended complaint ("amended complaint") solely as to defendant Thomas P. Nazelli ("Nazelli"), a nonresident defendant and the president and sole shareholder of defendant Orchestra Management Solutions, Inc. ("OMS") (collectively, "the defendants"), for lack of personal jurisdiction.[1] Because the plaintiffs failed to establish that Nazelli was subject to jurisdiction under Florida's long-arm statute, section 48.193(1)(a)2., Florida Statutes (2015), we affirm the order under review.

## I. Facts and Procedural History

The plaintiffs filed an amended complaint stemming from the alleged breach of an alleged joint venture agreement between the plaintiffs and the defendants for the purpose of marketing and selling a software product developed by OMS.[2] The plaintiffs alleged in their amended complaint that jurisdiction was proper under section 48.193(1)(a) of Florida's long-arm statute based on Nazelli's commission of a tortious act in Florida, and that Nazelli had sufficient minimum contacts with

---

[1] The defendants, Nazelli and OMS, filed a joint motion to dismiss. The trial court, however, entered separate orders as to Nazelli and OMS. In its order as to OMS, the trial court found that it had personal jurisdiction over OMS. The trial court's order as to OMS was not appealed by any of the parties and, therefore, is not a subject of this appeal.

[2] The amended complaint alleges a breach of a joint venture agreement. The exhibit attached to the amended complaint to support this allegation reflects that the proposed joint venture agreement was between OMS and Bliss Consulting, and that the proposed joint venture agreement was never executed.

2

Florida to satisfy federal due process requirements.[3]

The defendants filed a verified motion to dismiss asserting, in part, lack of personal jurisdiction over Nazelli. Following an evidentiary hearing, the trial court entered an order granting Nazelli's verified motion to dismiss for lack of personal jurisdiction, finding that the plaintiffs failed to establish that Nazelli's contacts with the state of Florida were sufficient to confer jurisdiction pursuant to Florida's long-arm statute and to satisfy federal due process requirements. The plaintiffs' appeal follows. We review the order granting Nazelli's motion to dismiss for lack of personal jurisdiction de novo. See Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002) (holding that a trial court's ruling on a motion to dismiss for lack of personal jurisdiction is reviewed de novo on appeal).

## II. Analysis

The plaintiffs contend that the trial court erred by dismissing their amended complaint with prejudice as to defendant Nazelli for lack of personal jurisdiction. We disagree.

In Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989), the Florida Supreme Court set forth a two-step inquiry to determine whether the courts in Florida have long-arm jurisdiction over a nonresident defendant. First, a court

---

[3] The amended complaint also alleged personal jurisdiction over Nazelli pursuant to the general jurisdiction provision set forth in section 48.193(2) of Florida's long-arm statute. The plaintiffs have since abandoned this argument.

must determine if the operative complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, section 48.193, Florida Statutes. If this step is satisfied, the court must then determine if the nonresident defendant has sufficient "minimum contacts" with the forum state to satisfy the Fourteenth Amendment's due process requirements. To satisfy the "minimum contacts" requirement, a court must determine that "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980).

Florida's long-arm statute provides for either "specific" jurisdiction under section 48.193(1)(a) if the nonresident defendant committed any of the acts enumerated under section 48.193(1)(a) in Florida, or "general" jurisdiction under section 48.193(2) if the nonresident defendant "engaged in substantial and not isolated activity within this state." See Caiazzo v. Am. Royal Arts Corp., 73 So. 3d 245, 250 (Fla. 4th DCA 2011). As this Court explained in Gerber Trade Finance, Inc. v. Bayou Dock Seafood Co., 917 So. 2d 964, 967 (Fla. 3d DCA 2005):

> While it is true that under the general jurisdiction standard the defendant must be involved in substantial, not isolated, and continuous contacts within the State, see § 48.193(2), Fla. Stat. (2004), for specific jurisdiction, the plaintiff need only show that the defendant's contact within the State resulted in, among several options, a tortious act. § 48.193(1)(b), Fla. Stat. (2004).[4]

4

In the instant case, the plaintiffs argue that they have alleged sufficient jurisdictional facts in their amended complaint to bring the action within the "specific" jurisdiction provision of Florida's long-arm statute, section 48.193(1)(a), which provides, in part, as follows:

> **48.193  Acts subjecting person to jurisdiction of courts of state.—**
> (1)(a)   A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> . . . .
> 2. Committing a tortious act within this state.

The plaintiffs argue on appeal that Nazelli personally committed the tort of fraudulent inducement within the state of Florida based on his alleged actions in Florida and hundreds of communications into Florida with Wadley, a Florida resident.  In Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002), the Florida Supreme Court held that "'committing a tortious act' in Florida under section 48.193(1)(b) can occur through the nonresident defendant's telephonic, electronic, or written communications **into** Florida.  However, the cause of action must arise from the communications."  (emphasis added).  See also Swanky Apps, LLC v. Roony Invest & Finance, S.A., 126 So. 3d 336, 339 (Fla. 3d DCA 2013)

---

[4] Section 48.193(1)(b), Florida Statutes (2002), pertaining to "[c]ommitting a tortious act" within Florida, was renumbered in 2013 as section 48.193(1)(a)2.

("[C]omitting a tortious act within Florida under section 48.193(1)(b) can occur by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises from such communications, and under certain circumstances, such communications can also satisfy due process requirements.") (internal quotations and citations omitted); OSI Indus., Inc. v. Carter, 834 So. 2d 362, 365 (Fla. 5th DCA 2003) (holding that a telephone call from an out-of-state defendant to a plaintiff in Florida during which the defendant allegedly made misrepresentations to the plaintiff to induce the plaintiff to continue his employment with a corporation, in which the defendant was a principal, was sufficient to constitute committing a tort in Florida and adequate minimum contacts to satisfy federal due process where the out-of-state defendant knew that the misrepresentations would impact the plaintiff in Florida).

Thus, as the above cases demonstrate, a nonresident defendant's communications into Florida can form the basis for committing a tortious act within Florida. However, in the instant case, although there were some general allegations within the amended complaint that could support a cause of action for fraudulent inducement, the amended complaint did not specifically plead a cause of action for fraudulent inducement. Further, during the evidentiary hearing on the motion to dismiss, the plaintiffs did not argue that Nazelli committed the tort of fraudulent inducement while in Florida or move to further amend their complaint

6

to add a cause of action for fraudulent inducement. In fact, the plaintiffs did not address the tort of fraudulent inducement at the hearing. Finally, the plaintiffs did not file a motion for rehearing requesting that the trial court consider the general allegations set forth in the amended complaint that may support a cause of action for fraudulent inducement.

The plaintiffs now argue on appeal that the dismissal should have been without prejudice to allow them to further amend their complaint to state a cause of action for fraudulent inducement. However, by failing to seek an amendment to their complaint before the trial court, the plaintiffs have failed to preserve this issue for appellate review.

In Vorbeck v. Betancourt, 107 So. 3d 1142, 1147-48 (Fla. 3d DCA 2012), this Court explained:

> The rule of preservation, which is a keystone in our appellate process, dictates that "[i]n the absence of fundamental error, an appellate court will not consider an issue that has been raised for the first time on appeal." Keech v. Yousef, 815 So. 2d 718, 719 (Fla. 5th DCA 2002); see also Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal."). As Florida courts have long recognized, "[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation . . . ." Sunset Harbour, 914 So. 2d at 928 (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985)).

This Court also noted that the rule of preservation applies to the dismissal of a

7

complaint with prejudice, id. at 1148, and cited to the following cases:

> Stander v. Dispoz–O–Products. Inc., 973 So. 2d 603, 605 (Fla. 4th DCA 2008) (noting that "a party who does not seek to amend in the trial court cannot raise the issue of amendment for the first time on appeal," and holding that the plaintiff waived the right to challenge the dismissal with prejudice because when the trial court orally "announced that it was dismissing with prejudice," the plaintiff merely responded "Thank you, your Honor," and "did not request leave to amend the complaint, nor did plaintiff move for rehearing to amend after the order of dismissal was entered"); Jelenc v. Draper, 678 So. 2d 917, 918 n.1 (Fla. 5th DCA 1996) ("The Jelencs alternatively argue that even if dismissal was proper, it should have been without prejudice to allow them the opportunity to amend their complaint. While our disposition of the case moots this claim, we note that we would not have been able to address the claim because the record does not disclose that the Jelencs ever requested the opportunity to amend, and thus, the issue was not preserved for appellate review."); Century 21 Admiral's Port, Inc. v. Walker, 471 So.2d 544, 545 (Fla. 3d DCA 1985) (holding that the "appellants' failure to seek leave to amend prior to the dismissal with prejudice or to move for rehearing requesting leave to amend, precludes consideration of the issue for the first time on appeal"); see also Thomas v. Hosp. Bd. of Dirs. of Lee Cnty., 41 So. 3d 246, 255 (Fla. 2d DCA 2010). Thus, the failure to raise an issue regarding an improper dismissal with prejudice at the trial level constitutes a waiver of this issue on appeal. See Keech, 815 So. 2d at 720 ("The failure to preserve an issue for appellate review constitutes a waiver of the right to seek reversal based on that error.").

Because the plaintiffs failed to preserve their objection to the dismissal of their complaint  with prejudice; request leave to amend their complaint to state a cause of action for fraudulent inducement; or otherwise attempt to argue that the tortious act they were relying on to establish specific jurisdiction over Nazelli was fraudulent inducement, we find no error with the trial court's determination that the

plaintiffs failed to allege sufficient jurisdictional facts to bring the plaintiffs' actions within the ambit of Florida's long-arm statute, section 48.193(1)(a)2. As we have determined that the plaintiffs did not satisfy the first inquiry set forth in Venetian Salami, we need not determine whether there were sufficient minimum contacts between Florida and Nazelli to satisfy federal due process requirements. Accordingly, we affirm the order under review.

The remaining arguments raised by the plaintiffs do not merit discussion.

## III. Conclusion

We affirm the trial court's order finding that it lacked personal jurisdiction over Nazelli under Florida's long-arm statute, section 48.193(1)(a)2.

Affirmed.