# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1350
Lower Tribunal No. 17-26766
_____

**Air Shunt Instrument, Inc.,**
Appellant,

vs.

**Airfoil International Aircraft Space Parts Co. WLL,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Allison L. Friedman, for appellant.

MG Legal Group and Juliana Gonzalez, for appellee.

Before EMAS, C.J., and SALTER and LINDSEY, JJ.

SALTER, J.

Air Shunt Instrument, Inc. ("Air Shunt"), appeals a trial court order denying its motion to dismiss for lack of personal jurisdiction. Air Shunt was sued by the

appellee, Airfoil International Aircraft Spare Parts Co. WLL ("Airfoil"), for breach of contract relating to a group of aircraft parts in Air Shunt's repair facility in California. We reverse the order and remand the case for dismissal for lack of personal jurisdiction, as Airfoil failed (1) to include legally sufficient jurisdictional allegations in its complaint, and (2) to "prove by affidavit the basis upon which jurisdiction may be obtained,"[1] following Air Shunt's filing and service of a comprehensive affidavit by its Chief Executive Officer that was fact-based and legally sufficient to defeat Airfoil's insufficient jurisdictional allegations.

Airfoil's Complaint

The complaint alleges two claims, one of which (replevin—a problem, given that the six aircraft components under repair concededly remained at Air Shunt's premises in California) was voluntarily dropped by Airfoil. The remaining claim alleges that Air Shunt is a foreign corporation "doing business" in Miami-Dade County and throughout the United States.

The complaint further alleges that Air Shunt's business is the repair of aircraft parts, but there is no allegation that such repairs are undertaken anywhere in Florida. Airfoil alleged that it was promised a credit for "certain work orders that could not be performed in the amount of $31,000.00." The attachment lists six work orders and information regarding the parts to be repaired, but there are no

---

[1] Tobacco Merchants Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995), quoted in Rollet v. de Bizemont, 159 So. 3d 351, 356 (Fla. 3d DCA 2015).

work orders actually attached, no contracts, and no allegations that Air Shunt picked up parts, worked on parts, or contracted to work on parts, in Florida.

Air Shunt's Motion to Dismiss and Jurisdictional Affidavit

Air Shunt moved to dismiss the complaint for lack of personal jurisdiction. Unrebutted allegations in the sworn affidavit of its Chief Executive Officer attached to its motion included these:

- It is a California corporation with its principal place of business in Chatsworth, California.

- It does not operate, conduct, engage in, or carry on a business or business venture in the State of Florida.

- It has not contracted to insure any person, property, or risk located within Florida.

- It does not own, use, possess, or hold a mortgage or other lien on any real property within Florida.

- It has not engaged in substantial or significant solicitation or service activities within Florida.

- It has not manufactured any products, materials, or things within the State of Florida in the ordinary and foreseeable course of commerce, trade, or use.

- It has not entered into any contract to be performed in Florida.

- It does not transact business in Florida or otherwise engage in any substantial business activity that targets Florida such that it has availed itself of the laws of Florida.

- It has not engaged in substantial and not isolated activity within Florida, either interstate or intrastate.

- The [aircraft] parts described in Airfoil's complaint are located in California.

Airfoil's Counter-Affidavit

In response, and as contemplated by the oft-cited case of Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989), Airfoil filed a counter-affidavit and five emails. Airfoil's affiant, Milton Robinson, alleges that he is secretary, registered agent, and records custodian for Airfoil. The attachments to his affidavit are emails indicating:

- The COO of Airfoil, Khalifa Alsada, sent an email from Airfoil in the Kingdom of Bahrain to addressees including Nick Crawford, Air Shunt's quality assurance manager in Chatsworth, California. The email asked that financial communications from Air Shunt be directed to Mr. Hameed or Mr. Ayman at Airfoil.

- Mr. Ayman Alobaidli, Chairman of the Board of "Airfoil International W.L.L." (which may or may not be a different entity than "Airfoil International Aircraft Spare Parts Co. WLL," the plaintiff identified as

4

"Airfoil" in the complaint and this opinion), sent an email to "Paul" at Air Shunt, appointing Mr. Robinson and his company (MBR Development, LLC, in Miami) to reconcile past due invoices and expedite payment. The email does not in any way indicate that the audit would take place in Florida, or that any such invoices had or have anything to do with the aircraft parts involved in the complaint.

- Another email from "Paul" asks Mr. Robinson to forward financial questions to "Elen Perez at accounting@airshunt.com." This followed an email from Mr. Robinson to Mr. Alobaidli (the Chairman in Bahrain) and "Paul" asking them to please send the most recent statement to Mr. Robinson so that Airfoil payables could be matched to accounts receivable.

- Another email from Mr. Robinson to Nick Crawford at Air Shunt asks for a copy of "the contract with Airfoil Bahrain," and states that "we have established the Airfoil US entity Airfoil USA, LLC" (yet another entity unidentified in Airfoil's complaint, and apparently indicating that the repair contract in question is with "Airfoil Bahrain").

- These emails contradict, rather than support, Mr. Robinson's affidavit that "[a]s early as 2012, Air Shunt has been doing business with entities in the State of Florida as evidenced by the attached [emails]."

Notice of Evidentiary Hearing

The allegations in the complaint and in Mr. Robinson's affidavit are woefully inadequate to establish: specific jurisdiction, section 48.193(1)(a), Florida Statutes (2018); general jurisdiction, section 48.193(2); or minimum contacts under the applicable and well-established case law. As to the threshold review of a complaint for long-arm jurisdictional sufficiency, see Wadley v. Nazelli, 223 So. 3d 1118, 1121 (Fla. 3d DCA 2017). In the present case, Airfoil alleges the breach of an agreement to provide a monetary credit and to return six aircraft components from California, but the complaint attaches no contract, work order (though work orders are referenced by number on an attachment), or basis for a credit.

As to the complaint's allegations regarding minimum contacts, see Daimler AG v. Bauman, 571 U.S. 117 (2014) (exercise of general jurisdiction by a State requires affiliations that are so continuous and systematic as to render the defendant essentially "at home" in the forum State).

Despite these shortcomings, Airfoil noticed an "evidentiary hearing," at which Mr. Robinson testified. Neither party arranged for a court reporter to attend, so the record contains no transcript. Airfoil thus invokes Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), for the proposition that without a transcript this appeal must fail.

In many cases, that argument would prevail. In the present case, it fails. An evidentiary hearing is only appropriate when a preliminary prerequisite—a legally

sufficient set of allegations regarding jurisdiction over the non-resident defendant corporation—has been satisfied. Here it was not.

If the threshold jurisdictional allegations suffice, the burden shifts to the defendant, by affidavit, to counter the jurisdictional allegations under oath. If that requirement is satisfied by the defendant, the plaintiff must file a counter-affidavit under oath placing a key jurisdictional fact or facts in dispute, such that an evidentiary hearing becomes necessary to resolve the dispute. Airfoil did not satisfy that requirement either. As to this sequence of steps, see Borden v. East-European Insurance Co., 921 So. 2d 587, 592 (Fla. 2006), and Rollet v. de Bizemont, 159 So. 3d 351, 355 (Fla. 3d DCA 2015).

For these reasons, we reverse the order denying Air Shunt's motion to dismiss the amended complaint for lack of jurisdiction. We remand for the entry of an order granting the motion and dismissing the amended complaint with leave to further amend, if Airfoil chooses, to remedy the jurisdictional pleading deficiencies detailed in this opinion.

Reversed and remanded for further proceedings.