# Third District Court of Appeal
## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0715
Lower Tribunal No. 23-25855-CA-01
_____

**William McNae,**
Appellant,

vs.

**Michael J. Fitzgerald,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

William McNae, in proper person.

Assouline & Berlowe, P.A., Peter E. Berlowe and Meredith J. Gussin, for appellee.

Before LINDSEY, MILLER and GORDO, JJ.

GORDO, J.

William McNae ("McNae") appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). Because the trial court did not err in finding that McNae is subject to personal jurisdiction in Florida, we affirm.

**I.**

Michael Fitzgerald ("Fitzgerald"), a Miami resident and SoftwareONE employee, had a business relationship with McNae, a Washington State resident working for Microsoft. In October 2019, McNae came to Miami, Florida to visit Fitzgerald for purposes of engaging in business. As a result of an acrimonious personal disagreement, the parties entered into a confidential settlement agreement prohibiting McNae from contacting SoftwareONE, disclosing the agreement or making any disparaging statements about Fitzgerald.

The agreement included a choice of law and forum selection clause, designating Florida law and courts for any disputes brought to enforce the agreement.[1] In April, May and July 2022, McNae breached the agreement

---

[1] The agreement, in pertinent part, states the following:

> 14. Governing Law. This Agreement shall be deemed to be made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida, without giving effect to the conflict of laws principles

2

by disclosing it to Microsoft and SoftwareONE, accusing Fitzgerald of improper conduct. This led to Fitzgerald being placed on leave and eventually leaving the company.

Fitzgerald filed suit against McNae for breaching the confidential settlement agreement in Miami-Dade County, Florida. McNae moved to dismiss for lack of personal jurisdiction. After a hearing, the trial court found the amended complaint alleged sufficient jurisdictional facts to exercise personal jurisdiction and that McNae's contacts with Florida satisfied due process. This timely appeal followed.

## II.

"The standard of review for the issue of personal jurisdiction over a non-resident is . . . de novo." Anthony v. Gary J. Rotella & Assocs., P.A., 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005).

On appeal, McNae argues the trial court erred in denying his motion to dismiss for lack of personal jurisdiction because Fitzgerald did not plead sufficient jurisdictional facts to establish jurisdiction under Florida's long-arm

---

of Florida law. The Parties agree that venue for any litigation brought to enforce this Agreement shall lie exclusively in any court of competent jurisdiction in Miami-Dade County, Florida.

statute, and without an independent basis for personal jurisdiction, the forum selection clause was insufficient to satisfy minimum contacts.

"In ruling on a motion to dismiss for lack of jurisdiction, the complaint must first be examined to determine whether it alleges a basis for jurisdiction under section 48.193, Florida Statutes . . . ." Teva Pharm. Indus. v. Ruiz, 181 So. 3d 513, 516 (Fla. 2d DCA 2015). "The plaintiff may either track the language of section 48.193 without pleading supporting facts, or the plaintiff may allege 'specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193.'" Id. at 516-17 (quoting Hilltopper Holding Corp. v. Est. of Cutchin ex rel. Engle, 955 So. 2d 598, 601 (Fla. 2d DCA 2007)).

Upon reviewing the amended complaint, we find that Fitzgerald sufficiently alleged a basis for jurisdiction by tracking the language of section 48.193 and providing specific jurisdictional facts[2] showing McNae's actions fall within section 48.193(1)(a)(7).[3] Because the amended complaint alleged

---

[2]  The amended complaint in relevant part specifically alleged that "the underlying events related to the confidential settlement agreement occurred in Miami-Dade County, Florida."  The underlying facts referenced in the amended complaint alleged that McNae breached the settlement agreement in Miami by contacting Microsoft and SoftwareONE, disclosing its existence and disparaging Fitzgerald in April, May and July 2022.

[3]  Florida's long-arm statute, section 48.193, provides that "[a] person, whether or not a citizen or resident of this state . . . submits himself . . . to

4

sufficient jurisdictional facts to bring the action within the scope of section 48.193, the initial inquiry is complete and the next step is to determine whether McNae's minimum contacts satisfy due process. See Parisi v. Kingston, 314 So. 3d 656, 660 (Fla. 3d DCA 2021) ("The first prong focuses exclusively on the plaintiff's complaint, and whether it either tracks the language of Florida's long-arm statute . . . or alleges facts sufficient to show that the defendant's actions fit within one or more subsections of the statute. If the complaint contains sufficient allegations to establish that Florida's long-arm statute applies, the court then conducts the second prong of the inquiry, determining whether the defendant has 'sufficient minimum contacts' with Florida to satisfy constitutional due process concerns."); Rebolledo v. Chaffardet, 351 So. 3d 84, 88 (Fla. 3d DCA 2022) ("The initial inquiry is whether 'the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute; and if it does, the next inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements.'" (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989))).

---

the jurisdiction of the courts of this state for any cause of action arising from any of the following acts . . . Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." § 48.193(1)(a)(7), Fla. Stat.

## III.

The second inquiry regarding sufficient minimum contacts "requires the court to determine whether the defendant has availed [himself] of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida's courts." Hilltopper Holding Corp., 955 So. 2d at 601. The record before us shows both parties agreed Miami-Dade County, Florida would have exclusive jurisdiction over disputes arising from the settlement agreement, governed by Florida law. By visiting Fitzgerald in Miami for business and subsequently entering into a settlement agreement granting exclusive jurisdiction to the courts in Miami-Dade County, McNae reached beyond his home state to establish a continuing relationship with Fitzgerald and a substantial connection with Miami-Dade County. Because the alleged breach of contract arose from McNae's actions in Miami-Dade County and the forum selection clause weighs in favor of exercising personal jurisdiction, we find the trial court did not err in concluding that McNae's contacts with Florida satisfy due process requirements. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985) ("[W]e have emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other

6

State for the consequences of their activities . . . Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.") (internal quotation and citation omitted); <u>Desai Patel Sharma, Ltd v. Don Bell Indus., Inc.</u>, 729 So. 2d 453, 454 (Fla. 5th DCA 1999) ("Federal courts and most state courts have held that a choice of forum clause is sufficient in itself to waive the requirement for minimum contacts and to submit the nonresident to the jurisdiction of the forum state. However, Florida has held that in addition to the forum clause, there must be some independent basis for state jurisdiction in order to bring a nonresident into our courts. The additional basis in this case is [the defendant's alleged] breach of contract in Florida by failing to [meet his contractual obligations] here.").

## IV.

After Fitzgerald alleged sufficient jurisdictional facts to establish Florida's long-arm jurisdiction and satisfied the minimum contacts requirement of due process, the burden shifted to McNae to contest jurisdiction with a legally sufficient affidavit challenging the jurisdictional facts or disputing minimum contacts with Florida. McNae filed an affidavit which did not properly contest all essential jurisdictional facts outlined in the amended complaint or raise a contention of minimum contacts. As such, we

7

find the trial court properly determined the affidavit did not meet all requirements for legal sufficiency, and thus no evidentiary hearing was required.  See Tobacco Merchs. Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 n.4 (Fla. 3d DCA 1995) ("The court in *Venetian Salami* did not create a default procedure whereby the mere filing of any affidavit by a defendant requires that a trial court rule in his favor.  The defendant's affidavit must meet all requirements for legal sufficiency and must also refute all jurisdictional allegations in the plaintiff's complaint."); Acquadro v. Bergeron, 851 So. 2d 665, 673 (Fla. 2003) (finding exercise of personal jurisdiction proper where defendant's affidavit was conclusory and did not refute underlying facts giving rise to jurisdiction); Lampe v. Hoyne, 652 So. 2d 424, 426 (Fla. 2d DCA 1995) (holding burden never shifts back to plaintiff if "the nonresident defendant's affidavit does not sufficiently refute the jurisdictional allegations"); QSR, Inc. v. Concord Food Festival Inc., 766 So. 2d 271, 274 (Fla. 4th DCA 2000) ("[T]he defendant's affidavit [must] properly contest[] the basis for long-arm jurisdiction by legally sufficient facts.  "If there is no conflict between the parties' affidavits as to the essential jurisdictional facts, the trial court can resolve the issue of jurisdiction on the basis of the affidavits."); Air Shunt Instrument, Inc. v. Airfoil Int'l Aircraft Space Parts Co. WLL, 273 So. 3d 104, 107 (Fla. 3d DCA 2019) ("An evidentiary hearing is only appropriate

when a preliminary prerequisite—a legally sufficient set of allegations regarding jurisdiction over the non-resident defendant . . . has been satisfied. Here it was not.").

Affirmed.