COPE, J.
The Archdiocese of Detroit and Cardinal Adam Maida appeal an order denying their motion to dismiss for lack of personal jurisdiction. We conclude that the motion should have been granted.
Plaintiff-appellee Albert Green brought suit in circuit court in Miami-Dade County against Father Edward Olszewski alleging that he was sexually abused by Father Olszewski from 1971 (when the plaintiff was eleven) through 2001. The plaintiff publicly disclosed the abuse for the first time in 2002.
The plaintiff also sued the Archdiocese of Detroit and its Archbishop, Cardinal Maida, as well as the Archdiocese of Miami, and its Archbishop, Archbishop John C. Favalora.
The plaintiff alleges that the sexual abuse began in 1971 when Father Olszew-ski was a priest in the Archdiocese of Detroit. The plaintiff alleges that these acts continued through 1976 at which time Father Olszewski moved to Florida. The plaintiff alleges that thereafter the acts of sexual abuse continued through 2001.
With regard to the Archdiocese of Detroit, the plaintiff alleges that the Archdiocese knew or should have known of the pedophile propensities of Father Olszewski and negligently failed to take appropriate corrective or preventative action. The Archdiocese of Detroit and Cardinal Maida moved to dismiss the action on the ground that there was no personal jurisdiction over either of them in the state of Florida. The trial court denied the motion to dismiss. The Archdiocese of Detroit and Cardinal Maida have appealed.
The plaintiff argues that there is jurisdiction in Florida over the Archdiocese of Detroit and Cardinal Maida (collectively “the Detroit Archdiocese”) because in 1976 Father Olszewski moved to Florida. It is undisputed that Father Olszewski did this unilaterally, without the consent of the Detroit Archdiocese. The plaintiff maintains that the mere presence of Father Olszewski in Florida means that Father Olszewski was the agent of the Detroit Archdiocese in Florida, thereby subjecting the Detroit Archdiocese to Florida jurisdiction. This argument is completely without merit.
The affidavits and correspondence of record reveal that Father Olszewski served as a priest within the Detroit Archdiocese through April 1976. He requested a leave of absence, which was denied. Despite the denial of the leave of absence, Father Olszewski unilaterally relocated to South Florida. He refused to return to Detroit to undertake an assignment in Detroit which the Detroit Archdiocese had given him there.
In June 1976, Bishop Schoenherr wrote Father Olszewski and stated, “Your unwillingness to accept the assignment given to you [in Detroit] means that the faculties of the Archdiocese are temporarily withdrawn. I ask that you return as soon as possible so that your status can be regularized.” Father Olszewski refused to return. He received no compensation from the Detroit Archdiocese after April 1976. He remained in South Florida where he obtained a graduate degree and was employed by a governmental agency.
In 1979, Father Olszewski requested that the Detroit Archdiocese give its consent to his transfer to the Archdiocese of Miami. When a priest wishes to transfer from one diocese to another, he must be “excardinated” from the originating diocese and “incardinated” into the receiving diocese.
In response to Father Olszewski’s request, Cardinal Dearden of the Detroit *324 Archdiocese wrote to the Archbishop of Miami:
I have received a letter dated August 28,1979 from Father Edward T. Olszew-ski in which he requested that I communicate to you my willingness for him to be excardinated from Archdiocese of Detroit so that he might be incardinated into the Archdiocese of Miami. Father Olszewski indicated that he has met with you to discuss this possibility. This letter will provide the Archdiocese of Miami an opportunity to consider formally the possibility of Father Olszewski’s desired incardination.
I hereby excardinate the Reverend Edward T. Olszewski from the Archdiocese of Detroit permanently and unconditionally according to Canon 112 so that he may be incardinated into the Archdiocese of Miami, Florida. This, his ex-cardination will take effect from the very moment of his incardination into the Archdiocese of Miami.
The affidavit filed by the Detroit Archdiocese goes on to say:
19. On May 25, 1982 the Archdiocese of Miami wrote and requested that the new Archbishop of Detroit, Edmund C. Szoka, also express his willingness to release Father Olszewski from the Archdiocese of Detroit so that the Archdiocese of Miami could proceed with his incardination. On June 10, 1982, Archbishop Szoka gave his permission. On July 1,1982 Father Olszewski was incar-dinated into the Archdiocese of Miami.
... The Archdiocese of Detroit made no recommendation to the Archdiocese of Miami regarding Father Olszewski’s fitness for duty nor was one requested. The Archdiocese of Detroit was provided no information regarding Father Olsz-ewski’s possible assignments within the Archdiocese of Miami. The Archdiocese of Detroit had not control over and no involvement whatsoever with Father Olszewski’s assignments within the Archdiocese of Miami. At no time after it received notification of Father Olszew-ski’s incardination in 1982 until Albert Green’s allegations against Father Olsz-ewski in 2002 did the Archdiocese of Detroit communicate with the Archdiocese of Miami regarding Father Olszew-ski.
20. At the time Cardinal Dearden and Archbishop Szoka gave permission for Father Olszewski’s incardination with the Archdiocese of Miami, the Archdiocese of Detroit had received no complaint or allegation of sexual misconduct against Father Olszewski. The Archdiocese of Detroit did not receive and was not aware of any complaints or allegations of sexual misconduct against Father Olszewski until Albert Green made public allegations against Father Olszewski in 2002.
[[Image here]]
22. The Archdiocese of Detroit and Cardinal Maida own no property in Florida; conduct no business or activities in Florida; provide no services in Florida; have no offices, employees, or representatives in Florida; and, have no priests in active service for the Archdiocese in Florida. Nor did the Archdiocese of Detroit or Cardinal Maida own property in Florida; conduct business or activities in Florida; provide services in Florida; have offices, employees, or representatives in Florida; or have priests in active service for the Archdiocese in Florida during the period from 1971 to the present.
Affidavit of Bishop Walter A. Hurley (record citations omitted).
From the foregoing it is clear that there was no agency relationship between the Detroit Archdiocese and Father Olsz- *325 ewski when Father Olszewski moved to Florida.
“The elements of an agency relationship under Florida law are (1) acknowledgement by the principal that the agent will act for it, (2) the agent’s acceptance of the undertaking, and (3) control by the principal over the actions of the agent.” State v. American Tobacco Co., 707 So.2d 851, 854 (Fla. 4th DCA 1998) (citing Goldschmidt v. Holman, 571 So.2d 422, 424 n. 5 (Fla.1990)).
The plaintiffs claim of an agency relationship fails this test. Father Olszewski disobeyed the direct orders of the Detroit Archdiocese when he came to Florida. Far from authorizing Father Olszewski to act on its behalf, the Detroit Archdiocese directed Father Olszewski to return to Detroit, which he refused to do. There is no basis for jurisdiction on the theory that Father Olszewski was the agent of the Detroit Archdiocese in Florida.
In opposition to the motion to dismiss the plaintiff filed the affidavit of Father Thomas Doyle. Father Doyle opined:
Under the Code of Canon Law, when a priest is incardinated in an archdiocese, the Cardinal or Archbishop from that archdiocese has primary responsibility to supervise that priest for as long as that priest remains incardinated in that archdiocese. This is true even if the priest is assigned outside the diocese. The only time that the Cardinal or Archbishop from the original archdiocese relinquishes the primary responsibility to supervise the priest who was incardinat-ed within his diocese is when the priest is incardinated into another diocese or when the priest is laicized.
Father Doyle concluded that the Cardinal or Archbishop of the Archdiocese of Detroit retained the primary responsibility to supervise Father Olszewski until his incar-dination in the Archdiocese of Miami in 1982.
While Canon Law may regulate the relationship between the Archdiocese and Father Olszewski, Canon Law does not supply the test for personal jurisdiction under Florida law. The legal test for a principal-agent relationship is the one outlined in State v. American Tobacco Co., 707 So.2d at 854. Under the undisputed facts of this case, Father Olszewski moved to Florida unilaterally and refused to return to Detroit when he was ordered to do so. He was never given authority by the Detroit Archdiocese to act for it in Florida. For purposes of Florida law, the plaintiff has failed to establish the existence of any principal-agent relationship. See id. at 854; Tercero v. Roman Catholic Diocese of Norwich, 132 N.M. 312, 48 P.3d 50 (2002); Doe v. Roman Catholic Diocese of Boise, Inc., 121 N.M. 738, 918 P.2d 17 (Ct.App.1996).
The plaintiff argues alternatively that the Detroit Archdiocese committed torts in Florida. Plaintiff failed, however, to file any affidavit in opposition to the affidavit of Bishop Hurley, which outlined the Detroit Archdiocese’s limited involvement with Father Olszewski after he unilaterally moved to Florida. Upon Father Olszewski’s request, the Detroit Archdiocese consented to his transfer to the Archdiocese of Miami. The Archdiocese of Miami made no request for a recommendation and the Detroit Archdiocese did not give one. The Detroit Archdiocese had received no complaint or allegation of sexual misconduct against Father Olszewski.
Once the Detroit Archdiocese filed its affidavit, “[t]he burden [was] then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.” Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (citation omitted). Plaintiff chose not to controvert *326 Bishop Hurley’s affidavit, so those factual assertions are treated as true for purposes of this proceeding. That being so, there is no basis for the plaintiffs assertion that the Detroit Archdiocese committed a tort in Florida.
For the stated reasons, we reverse the order now under review and remand with directions to dismiss the action' as to the Archdiocese of Detroit and Cardinal Adam Maida without prejudice.
Reversed and remanded.