# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-710
Lower Tribunal No. 16-15137
_____

**Northwind Air Systems,**
Appellant,

vs.

**Terra's Garden, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria De Jesus Santovenia, Judge.

Graner Platzek & Allison, P.A. and Meredith A. Chaiken (Boca Raton), for appellant.

No Appearance for appellee.

Before FERNANDEZ and LINDSEY, JJ., and LEBAN, Senior Judge.

FERNANDEZ, J.

Appellant, defendant below, Northwind Air Systems appeals the trial court's order denying Northwind's amended motion to dismiss the third-amended complaint with prejudice and for entry of final judgment. Appellee Terra's Garden LLC did not file an answer brief following issuance of an order to do so.[1] Following review of Northwind's initial brief and the appendix filed in this case, we agree with Northwind and reverse.

On June 14, 2016, appellee/plaintiff Terra's Garden LLC filed an unverified complaint against Northwind, a Canadian corporation, for breach of contract, breach of warranty of merchantability, and breach of warranty of fitness for a specific purpose. Terra claimed in the complaint that jurisdiction was proper because Northwind orally contracted with Terra "to improve [Terra's] existing systems with an industrial air vacuum machine." On August 24, 2016, Northwind filed a motion to dismiss for lack of personal jurisdiction, failure to attach instruments upon which the alleged causes of action are brought, and failure to state a cause of action for breach of warranty of fitness or a specific purpose. On December 5, 2016, the trial court entered an agreed order on Northwind's motion to dismiss, allowing Terra twenty days to amend its complaint.

On January 18, 2017, Terra filed an unverified amended complaint, after which Northwind moved to dismiss it. On March 24, 2017, the trial court held a

---

[1] Appellee was ordered to file its answer brief within a time certain or be prevented from filing an answer brief and participating in oral argument.

hearing on Northwind's motion. The hearing was continued, and the trial court ordered Terra to submit a memorandum of law to support its position that the court had jurisdiction over Northwind. After Terra submitted the memorandum, on June 29, 2017, the hearing was continued. The trial court granted Northwind's motion to dismiss with leave for Terra to amend the complaint again.

On July 21, 2017, Terra filed a second amended complaint, asserting that the parties orally contracted for Northwind to provide the equipment from Canada. Terra claimed that "Defendants envisioned a continuing relationship with Plaintiff in Florida by providing a 'guarantee' and a warranty over the equipment it provided to Plaintiff." Terra claimed that Northwind gave its warranty and guarantee by email. Terra did not attach any supporting documents. Terra also made reference to a purchase order that was also not attached to the second amended complaint.

Northwind then filed a motion to dismiss the second amended complaint. At the hearing on the motion on January 22, 2018, the trial court granted Northwind's motion to dismiss with leave for Terra to amend a fourth time to show there was personal jurisdiction over Northwind. On January 29, 2018, Terra filed its third amended complaint which was almost the same as the previous complaints, except this time Terra attached a purchase order and emails. The purchase order originally sent to Terra was numbered #MA529028. The purchase order attached

to the third amended complaint was numbered #NW528151. The email attached to Terra's complaint, indicated that Northwind stated, "What I can't guarantee is the efficiency of [Terra's] operation." Northwind also stated, "Unfortunately, you'll [referring to Terra] have to experiment somewhat, I think." Terra claimed in its third amended complaint that through email, Northwind guaranteed and warrantied the equipment in Florida.

On February 13, 2018, Northwind filed an amended motion to dismiss the third amended complaint. Northwind had previously provided affidavits from its principal, John Doyle, and its president, Kevin Weaver. Terra did not provide a rebuttal affidavit or any other sworn proof to rebut Northwind's affidavits. On April 11, 2018, the trial court conducted a non-evidentiary hearing and denied Northwind's amended motion to dismiss without prejudice, and gave Northwind twenty days to file an answer. Northwind now appeals.

The standard of review on a trial court's ruling on a motion to dismiss for lack of personal jurisdiction is *de novo*. Castillo v. Concepto Uno of Miami, Inc., 193 So. 3d 57, 59 (Fla. 3d DCA 2016). We agree with Northwind that the trial court erred in denying Northwind's amended motion to dismiss the third amended complaint because Terra did not meet its burden to establish proof of jurisdiction over Northwind and because the trial court failed to conduct an evidentiary hearing.

4

In Tobacco Merchants. Association of the United States v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995), this Court stated:

> "In determining whether a party is subject to in personam jurisdiction in this state, the trial court must make two separate inquiries: 1) whether sufficient facts have been alleged to bring the cause within Florida's long-arm statute; and if so, 2) whether there have been sufficient minimum contacts with Florida to satisfy federal constitutional due process requirements."

In addition, "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." Id. "The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). If the affidavits cannot be reconciled, then "the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue." Id. at 503. If a plaintiff chooses not to file an affidavit to controvert the defendant's affidavit, the factual assertions of the defendant's affidavit are treated as true. Archdiocese of Detroit v. Green, 899 So. 2d 322, 325 (Fla. 3d DCA 2004). If the plaintiff fails to refute the allegations by providing sworn proof "as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss." Tobacco Merchs. Ass'n, 657 So. 2d at 941.

Terra claims that there is personal jurisdiction in Florida over Northwind, a Canadian corporation, because Northwind has a website that one can access in

5

Florida and because Northwind has sold products in Florida. However, "[t]he mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible." Trs. of Columbia Univ. in City N.Y. v. Ocean World, S.A., 12 So. 3d 788, 795 (Fla. 4th DCA 2009). In addition, here, Northwind filed the affidavits of its principal, John Doyle, and its president, Kevin Weaver, in support of its position that Florida did not have personal jurisdiction over it. Terra did not file any sworn proof to oppose these affidavits. Northwind's affidavits demonstrate that Northwind is headquartered in Canada; it has never advertised in Florida; its sales in 2013 were less than 1% of its total sales in Florida; in 2014, Northwind's sales were less than .5% of total sales in Florida; and in 2015, its sales in Florida were approximately 1% of its sales. The affidavits further show that Northwind does not use its website to get sales from Florida because there is no active link or web portal that a Florida buyer can access. In addition, the affidavits indicate that of its website-generated sales, only 1/3 of 1% of Northwind's total sales come from Florida. Furthermore, Northwind did not solicit business from Terra. Terra contacted Northwind to purchase the product from Northwind. The bill of sale was drafted in Canada and payment was received in Canada. Consequently, the trial court erred in not granting Northwind's motion to dismiss the third amended complaint.

Moreover, at a minimum, the trial court should have held an evidentiary hearing to determine the jurisdiction issue, as required by <u>Venetian Salami</u>. In the case before us, the hearing notice in the record does not demonstrate that the hearing was an evidentiary one, and the order denying Northwind's motion to dismiss the third amended complaint does not give the reasoning the trial court used to rule on the personal jurisdiction issue. Therefore, there is no way for this Court to know if the hearing that was held was evidentiary.

Terra had four opportunities to show there was personal jurisdiction over Northwind, and it was not able to do so. Thus, for these foregoing reasons, we reverse the trial court's order denying Northwind's amended motion to dismiss the third-amended complaint with prejudice and remand the case with instructions to dismiss the third amended complaint with prejudice. <u>Video Indep. Med. Examination, Inc. v. City of Weston</u>, 792 So. 2d 680, 681 (Fla. 4th DCA 2001).

Reversed and remanded with instructions.

7