# Third District Court of Appeal

## State of Florida

Opinion filed November 15, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-716
Lower Tribunal No. 19-31023

————————————

**Douglas Frantin,**
Appellant,

vs.

**MVS Media Group, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Melissa Alexis Chluski, P.A. and Melissa Alexis Chluski (Boca Raton), for appellant.

The Levey Law Firm, P.A., and Lewis J. Levey, for appellee.

Before EMAS, FERNANDEZ and GORDO, JJ.

GORDO, J.

Douglas Frantin ("Frantin") appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). For the reasons discussed below, we reverse and remand for dismissal of the complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

MVS Media Group, LLC ("MVS") filed a complaint against Street Blimps, Inc. ("Street Blimps") a New York Corporation. MVS later filed a supplemental complaint moving to implead a third party, Frantin, the president of Street Blimps, alleging he is subject to jurisdiction in Florida. Frantin filed a motion to dismiss and an affidavit contesting jurisdiction. MVS then filed a declaration in opposition by its attorney of record Lewis J. Levey. The trial court held a non-evidentiary hearing and denied the motion to dismiss. This appeal followed.

## STANDARD OF REVIEW

"[W]hether the trial court properly ruled on a motion to dismiss for lack of personal jurisdiction is a question of law subject to *de novo* review." Labbee v. Harrington, 913 So. 2d 679, 681 (Fla. 3d DCA 2005).

## LEGAL ANALYSIS

"In Florida, a well-established, two-pronged inquiry is used to determine whether personal jurisdiction is appropriate, which is set forth in

2

Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989)." Sayers Constr., LLC v. Timberline Constr., Inc., 306 So. 3d 275, 278–79 (Fla. 3d DCA 2020). "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the [second] inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements." Venetian Salami, 554 So. 2d at 502. "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." Id. "If the affidavit is legally sufficient, the burden then shifts to 'the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.'" Sayers Constr., LLC, 306 So. 3d at 279 (quoting Venetian Salami, 554 So. 2d at 502). "If no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss." Tobacco Merchs. Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995). "If the plaintiff files a counter-affidavit raising conflicting facts, the trial court should then hold a limited evidentiary hearing to resolve any disputed facts relating to jurisdiction." Id.

We find MVS's supplemental complaint contained sufficient jurisdictional facts to fall within the ambit of Florida's long arm statute. See

3

<u>Woodruff-Sawyer & Co. v. Ghilotti</u>, 255 So. 3d 423, 427 (Fla. 3d DCA 2018) ("To bring the cause within the ambit of the long-arm statute, the complaint may . . . track the language of the statute.").

In response, Frantin filed an affidavit contesting the jurisdictional allegations in the complaint. Specifically, Frantin averred he resides in New York and he does not conduct any business, own any real property and has not committed any tortious act within Florida. We find Frantin's affidavit was legally sufficient to have shifted the burden to MVS "to prove by affidavit the basis upon which jurisdiction may be obtained." <u>Venetian Salami</u>, 554 So. 2d at 502.

The only record evidence in response to Frantin's affidavit is a declaration filed by MVS's attorney of record, Mr. Levey. The declaration states the trial court had personal jurisdiction over Frantin alleging "Frantin misled this Court in his Affidavit filed in the New York proceedings and the within proceedings by failing to acknowledge his ownership of three pieces of real property in Miami from 2004 through 2016; and his fourth property used as a vacation home in Pasco County." Mr. Levey's declaration also alleged that "[a]t all times material hereto, Defendants knew that Plaintiff would provide the trucking and logistics work for Defendants in Florida; and

send Plaintiff's trucks and truck drivers throughout Florida and the continental United States."

Generally, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Gromann v. Avatar Prop. & Cas. Ins. Co., 345 So. 3d 298, 300 (Fla. 4th DCA 2022) (quoting Fla. R. Civ. P. 1.510(c)(4)).

We find MVS's attorney's declaration asserts no personal knowledge, only inadmissible hearsay. See Smith v. Cuban Am. Nat'l Found., 657 So. 2d 86, 87 (Fla. 3d DCA 1995) (noting "the affidavit filed by the [party] below asserts no personal knowledge, only inadmissible hearsay"). Further, MVS's attorney's declaration improperly sought to establish argument of counsel as factual evidence. "[I]t is black letter law that argument of counsel does not constitute evidence." Romeo v. Romeo, 907 So. 2d 1279, 1284 (Fla. 2d DCA 2005). Once Frantin filed his affidavit fully disputing the jurisdictional allegations in MVS's complaint, the burden was on MVS to prove a basis of jurisdiction. Because MVS's declaration was legally insufficient to refute the factual assertions set forth in Frantin's affidavit, his motion challenging personal jurisdiction should have been granted. See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 603 (Fla. 2d DCA

5

2007) ("Once [the defendants] filed their affidavits fully disputing the jurisdictional allegations of the [plaintiff's] complaint, the [plaintiff] had the burden to prove a basis for jurisdiction. Because the [plaintiff] failed to refute the legally sufficient factual assertions set forth in [defendant's] affidavits, their motions challenging personal jurisdiction should have been granted.").

We therefore find MVS's attorney's declaration was legally insufficient to refute Frantin's affidavit. MVS filed no "[o]ther competent sworn proof, such as depositions, a verified complaint or documents, [that] may substitute for the affidavit to support the parties' allegations as to jurisdiction." Tobacco Merchs. Ass'n, 657 So. 2d at 941 n.3. Where a plaintiff fails to refute the allegations by providing legally sufficient sworn proof as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss. See Northwind Air Sys. v. Terra's Garden, LLC, 273 So. 3d 1085, 1088 (Fla. 3d DCA 2019) ("If the plaintiff fails to refute the allegations by providing sworn proof 'as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss.'" (quoting Tobacco Merchs. Ass'n, 657 So. 2d at 941.")).

Reversed and remanded with instructions.