# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-01
Lower Tribunal No. 21-3833 CC
_____

**Unified Medical, LLC,
a/a/o Roberto Prin,**
Appellant,

vs.

**Progressive Preferred Insurance Company, et al.,**
Appellees.


An Appeal from the County Court for Miami-Dade County, Jeffrey Rosinek, Senior Judge.

Tenenbaum Law Group, PLLC, and Jason Tenenbaum, for appellant.

Kubicki Draper, P.A., Joye B. Walford and Michael C. Clarke (Tampa), for appellee Progressive Preferred Insurance Company.


Before SCALES, GORDO and BOKOR, JJ.

GORDO, J.

Unified Medical, LLC A/A/O Roberto Prin ("Unified Medical") appeals an order granting Progressive Preferred Insurance Company's ("Progressive Preferred") motion to quash and motion to dismiss for lack of personal jurisdiction and forum non conveniens. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). Because Unified Medical failed to refute or rebut the allegations by providing its own affidavit or other sworn proof to establish a basis for personal jurisdiction, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Unified Medical filed the underlying complaint for breach of contract based on the insured's involvement in an automobile accident in Florida. For purposes of personal jurisdiction, the underlying complaint alleged: "At all times material hereto, Defendant was a corporation duly licensed to transact business in the State of Florida and maintained agents for the transaction of its customary business in Miami-Dade County, Florida." In response, Progressive Preferred filed a limited appearance, a motion to quash service and a motion to dismiss for lack of personal jurisdiction and forum non conveniens. Progressive Preferred asserted the trial court lacked personal jurisdiction because it is incorporated in and a resident of the State of Ohio and it does not conduct any business in Florida.

Unified Medical filed a response arguing the motion to quash and motion to dismiss should be denied under an alter ego theory because Progressive Preferred was controlled by Progressive Corporation or Progressive Group, which conducts business in Florida. In support of its argument, Unified Medical solely attached three website pages which did not refute or rebut Progressive Preferred's jurisdictional arguments. Progressive Preferred subsequently filed a sworn declaration executed by Jill M. Betts ("Betts"), its senior claims manager. The trial court conducted a non-evidentiary hearing and granted Progressive Preferred's motion to quash and motion to dismiss. This appeal followed.

## LEGAL ANALYSIS

"This Court must conduct a de novo review of a trial court's ruling on a motion to dismiss for lack of personal jurisdiction." Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002). "The Florida Supreme Court has described the two-step process required to be applied by a trial court in its determination of personal jurisdiction over a particular defendant." Rollet v. de Bizemont, 159 So. 3d 351, 355 (Fla. 3d DCA 2015). "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the [second] inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due

3

process requirements." Id.; see also Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  In Florida, "both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant."  Rollet, 159 So. 3d at 356.

We find Unified Medical met its initial pleading burden by asserting a basis for personal jurisdiction under section 48.193(1)(a)(1), Florida Statutes.  Pursuant to Venetian Salami, if the allegations in the complaint are sufficient, the burden shifts and "[a] defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position."  554 So. 2d at 502.  The affidavit must be "legally sufficient" to support the defendant's position.  Tobacco Merchs. Ass'n of U.S. v. Broin, 657 So. 2d 939, 941 (Fla. 3d DCA 1995).

Progressive Preferred provided the declaration of Betts attesting that Progressive Preferred is incorporated in and is a resident of the State of Ohio; it does not have any agents or offices in Florida or conduct business in Florida; the insurance policy at issue was originated in Ohio; and Progressive Preferred does not underwrite Florida insurance policies.  Once Progressive Preferred filed its affidavit refuting Unified Medical's theory of jurisdiction, it became incumbent upon Unified Medical as the plaintiff to

4

substantiate the jurisdictional allegations in response to Progressive's legally sufficient affidavit. See Venetian Salami, 554 So. 2d at 502 ("The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.").

Here, Unified Medical failed to provide an affidavit or any sworn proof to meet its burden.[1] Instead Unified only produced three documents: (1) the New York State Department of Financial Services Consent Order; (2) the LexisNexis Search; and (3) the News Release. These three documents did not refute Betts' sworn declaration. By failing to meet its burden, Unified Medical acted at its own peril in attending a non-evidentiary hearing at which the trial court would only be able to consider the amended complaint, the motion to quash and motion to dismiss and Betts' affidavit. Rollet, 159 So. 3d at 356–57 ("[The] affidavit served to shift the burden to de Bizemont to refute or rebut the allegations by providing her own affidavit or other sworn proof to establish a basis for personal jurisdiction of Rollet. By failing to do so, de Bizemont acted at her own peril in attending a non-evidentiary hearing

---

[1] We note pursuant to Venetian Salami "[only] [i]f the plaintiff files a counter-affidavit raising conflicting facts, [should] the trial court [] then hold a limited evidentiary hearing to resolve any disputed facts relating to jurisdiction." Broin, 657 So. 2d at 941 (citing Venetian Salami, 554 So. 2d at 503). "Absent a counter-affidavit, the averments in [defendant's] affidavit stood unrebutted, thus requiring no reconciliation of averments or the taking of evidence to resolve disputed jurisdictional allegations." Rollet, 159 So. 3d at 357.

at which the trial court would be able to consider only the complaint, the motion to dismiss, and Rollet's affidavit.").

As no such sworn proof was forthcoming from Unified Medical as to the basis for jurisdiction, the trial court was obligated to grant Progressive Preferred's motion to dismiss. See Broin, 657 So. 2d at 941 ("If no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, the trial court must grant the defendant's motion to dismiss.") (footnote omitted).

Affirmed.